## Lamoree *v.* Penn Central Transportation Company et al., Appellants.

Argued September 11, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard L. Goerwitz, Jr.,* with him *Swartz, Campbell & Detweiler,* for appellants.

*Peter M. Clark,* with him *J. Grant McCabe, III,* and *Rawle & Henderson,* for appellee.

OPINION BY CERCONE, J., February 2, 1976:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of a proposed additional defendant and dismissing the defendants' complaint.[1]

The litigation arose as a result of personal injuries sustained by the plaintiff on February 19, 1972, when he allegedly fell on the premises of the defendant, Penn Central Transportation Company. Plaintiff originally filed suit in the Court of Common Pleas of Delaware County on December 14, 1972. The defendants were served with this complaint on January 4, 1973. This suit was, however, voluntarily discontinued on April 10, 1974.

Plaintiff instituted the instant action in Philadelphia County on February 5, 1974. This suit was against the same defendants and for the same injuries upon which

---

1. It is well established that an order sustaining preliminary objections and dismissing a defendant's complaint as to an additional defendant is a final and appealable order. *Alexander v. Mastercraft Construction Co., Inc.,* 455 Pa. 579 (1974); *Zakian v. Liljestrand,* 438 Pa. 249 (1970); *Brandywine Area Joint School Authority v. VanCor, Inc.,* 426 Pa. 448 (1967).

recovery was sought in the Delaware County action. Service of this complaint was effected on February 8, 1974.

On December 23, 1974, the defendants, pursuant to Rule 2253 of the Pennsylvania Rules of Civil Procedure, filed a petition for leave to join Dr. Dominic Salerno[2] as an additional defendant *nunc pro tunc*. By order of December 31, 1974, the lower court granted permission to join without prejudice to Dr. Salerno's right to timely object.

On April 17, 1975, Dr. Salerno filed preliminary objections to his proposed joinder. The lower court subsequently sustained Dr. Salerno's preliminary objections and dismissed the defendants' complaint. This appeal followed.

Rule 2253 of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, provides:

> "Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof *unless such filing is allowed by the court upon cause shown.*" (Emphasis added.)

In the case at bar, the defendant was served with plaintiff's complaint on February 8, 1974. Therefore the defendant had, as a matter of course, until April 8, 1974 to join any additional defendants. Since the defendant's petition for leave to join Dr. Salerno was not filed until December 23, 1974, some eight and one-half months after the expiration of the 60-day period provided for in Rule 2253, the defendant had the burden of demonstrating sufficient cause to permit the proposed late joinder.

---

2. The defendants' proposed joinder of additional defendant was predicated on his allegedly negligent treatment of the plaintiff.

The question of whether sufficient cause has been established so as to permit an extension of time for the joining of an additional defendant is a matter resting within the discretion of the trial court. And its decision in this regard will not be disturbed absent an abuse of discretion. *Zakian v. Liljestrand,* 438 Pa. 249 (1970); *Marnell v. Cross,* 372 Pa. 82 (1952).

Rule 2253 neither specifies what constitutes "cause shown" nor what criteria should be considered by the court in deliberating upon a petition for extension. But in *Zakian v. Liljestrand,* supra at p. 256, the court stated:

"The court, therefore, should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60-day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties *(Coppage v. Smith,* 381 Pa. 400, 113 A.2d 247 (1955)), without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation."

Accordingly, the question before us is whether the lower court abused its discretion in refusing the defendants' request for an extension of time within which to join Dr. Salerno as an additional defendant.

Initially, it must be recognized that the length of the delay (in this case 8½ months) following the expiration of the 60-day period provided for in Rule 2253 is not the sole determinative factor. "The length of the delay must be viewed in the context of the particular case." *Zakian v. Liljestrand,* supra.

The "cause" relied upon by the defendant for this eight and one-half month delay is that it had no knowledge of, nor any reason to know of, a possible malpractice action against Dr. Salerno, until it had undertaken and completed extensive discovery procedures. The record

supports this contention. On February 26, 1974, the plaintiff filed interrogatories which were answered by the defendant on April 16, 1974. That same day, i.e., April 16, 1974, the defendant's interrogatories to plaintiff were filed. These interrogatories were not answered until July 18, 1974. As early as April 15, 1974, the defendant attempted to arrange a deposition of the plaintiff. This deposition, however, was continued on two occasions by plaintiff and thus not held until August 5, 1974. On April 29, 1974, the defendant attempted to arrange an orthopedic examination of the plaintiff. The results of this examination were obtained and discussed with the examining physician by October 15, 1974. Between April 15, 1974 and October 15, 1974, the defendant secured and reviewed the records stemming from four separate hospitalizations of the plaintiff. Plaintiff did not supply the defendant with medical records until August 6, 1974. After assembling and evaluating all of this highly technical information, defense counsel then obtained authority from its client to proceed against Dr. Salerno on November 13, 1974.

We conclude that the defendant had no reason to know of or suspect a possible malpractice action against Dr. Salerno until it had completed extensive discovery. Moreover, we think the defendant exercised due diligence in instituting the necessary discovery procedures. Cf. *Zakian v. Liljestrand,* supra. Additional defendant places much emphasis on the fact that the original complaint filed in Delaware County lists as special damages the costs of the treatment he rendered to the plaintiff, and the complaint specifically names him as a treating physician. We fail to discern how this fact, in and of itself, would give reasonable notice to the defendant of any possible malpractice on the part of additional defendant. Furthermore, we note that neither party engaged in any discovery in the Delaware County action.

Dr. Salerno also contends that he will be prejudiced if he is joined as an additional defendant at this stage in

the proceedings. We do not believe that any possible prejudice to him is so severe as to preclude joinder at this date. Initially, we note that the expiration of the statute of limitations with regard to any direct action by the plaintiff against Dr. Salerno, does not bar the doctor's joinder as an additional defendant. *Kitchen v. Grampian Borough,* 421 Pa. 464 (1966). Furthermore, we are not persuaded that Dr. Salerno will be unduly prejudiced simply because of the passage of approximately two years since he last operated on the plaintiff. As defendant's discovery has revealed, records of the operations and subsequent treatment exist. And, even if it is assumed that the delay is prejudicial, this prejudice would be compounded by a direct action for contribution which would necessarily take place at an even later date. More importantly, there is no indication that permitting the joinder of Dr. Salerno at this date will substantially delay and prejudice the disposition of the plaintiff's cause of action. See *Zakian v. Liljestrand,* supra.

In summary then, we believe the joinder of Dr. Salerno will save both the time and expense generated by a second trial and, most importantly, will not further retard the plaintiff's right to an expeditious disposition of his cause.

Accordingly, the order of the lower court is reversed.

SPAETH, J., did not participate in the consideration or decision of this case.