385 A.2d 1007

WELCH FOODS, INC., Plaintiff,

v.

BISHOPRIC PRODUCTS COMPANY, Defendant-Appellant,

v.

PPG INDUSTRIES, INC., Additional-Defendant-Appellee.

Superior Court of Pennsylvania.

Argued Nov. 15, 1977.

Decided April 28, 1978.

John M. McLaughlin, Erie, with him John G. Gent, Erie, for defendant-appellant.

Robert N. Spaeder and T. Warren Jones, Erie, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Erie County, Civil Division, refusing to permit the joinder of PPG Industries, Inc., as an additional defendant pursuant to Rule 2253 of the Pennsylvania Rules of Civil Procedure. Finding no abuse of discretion, we affirm.

The events giving rise to this appeal are as follows. On June 23, 1971, defendant-appellant, Bishopric Products Company, was engaged in relining fruit juice storage tanks located on the premises of plaintiff Welch Foods, Inc. This process entails heating the interior of the tanks [1] to approxi-

1. The storage tanks are metal cylindrical vats some 26 feet long. The separate sections of each tank are separated by a rubber gasket which extends somewhat above the tank's surface.

mately 500° to 550° Fahrenheit. While work was progressing on a tank located in Building No. 10, a fire started and destroyed the building and caused substantial damage to adjacent buildings and equipment.

On June 15, 1973, plaintiff filed suit in trespass and assumpsit. Thereafter, numerous pleadings and motions were filed while both parties engaged in extensive discovery. Plaintiff, believing discovery had been completed, filed its pre-trial narrative statement on August 29, 1975, and placed the case on the trial list. Discovery procedures continued, however, and in early August of 1976 plaintiff provided defendant with an expert opinion report relative to the cause of the fire.[2] Upon examining the report defendant concluded that plaintiff was now proceeding on a new theory of causation which suggested that the proposed additional defendant was liable for the fire. Accordingly, on September 16, 1976, defendant moved to join PPG as an additional defendant and joinder was subsequently effected by complaint filed on September 28, 1976. On October 25, 1976, PPG filed preliminary objections to the complaint against it contending the joinder was untimely. PPG's objections were sustained by the lower court on February 28, 1977, and this appeal ensued.

Rule 2253, Pa.R.C.P. provides:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof *unless such filing is allowed by the court upon cause shown.*" [Emphasis supplied.]

In the case at issue, defendant's request for permission to join PPG as an additional defendant was not made until more than three years after the expiration of the 60-day period prescribed by Rule 2253. Consequently, the burden

2. The report was received by plaintiff's counsel about July 15th or 20th, 1976, and made available to defendant's counsel at least two weeks prior to the trial scheduled for August 23, 1976.

of demonstrating sufficient cause to allow the unseasonable joinder rested with defendant. *Lamoree v. Penn Central Transportation Co.,* 238 Pa.Super. 380, 357 A.2d 595 (1976).

▮ The question of whether there is "cause shown" to justify an extension of time to permit the joinder of an additional defendant is a matter committed solely to the discretion of the trial judge. *Zakian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970); *Marnell v. Cross,* 372 Pa. 82, 92 A.2d 688 (1952); *Lamoree v. Penn Central Transportation Co.,* supra. The court's decision will not be disturbed on appeal absent an abuse of discretion. *Zakian v. Liljestrand,* supra; *Marnell v. Cross,* supra; *Desiderio v. R & R Tire Center, Inc.,* 242 Pa.Super. 135, 363 A.2d 1197 (1976). Thus, the issue we must address is whether the court below abused its discretion in finding that defendant failed to establish sufficient cause to permit late joinder.

▮ Initially, we note that the extent of the delay—in this case over three years—after the expiration of the 60-day period provided in Rule 2253 is not the sole consideration. "The length of the delay must be viewed in the context of the particular case." *Zakian v. Liljestrand,* supra, 438 Pa. at 256, 264 A.2d at 642.

Instantly, the "cause" relied upon for seeking joinder at this late date is that plaintiff first advanced an allegedly new theory of liability against defendant only two weeks prior to the scheduled trial. This argument is predicated on the findings of the expert opinion report which, as noted earlier, plaintiff provided defendant with a copy of in early August of 1976. The expert's report, which was an analysis of the cause of the fire, concluded that the wood ceiling and rafters located approximately two feet above the tank being worked on were spontaneously ignited by heat escaping through the insulating material[3] which was wrapped around the surface of the tank. Defendant argues this represents a new theory of liability because prior to this report all of the various pleadings and discovery methods indicated that

---

3. Subsequent investigation disclosed that the manufacturer and seller of the insulating material installed by defendant was PPG. Hence defendant's desire to join PPG as an additional defendant.

plaintiff attributed the cause of the fire to a flame from a rubber gasket on the tank and defendant's failure to arrest the fire after it started. In short, defendant contends it has shown cause for late joinder because the delay was occasioned through no fault of its own. We cannot conclude the lower court abused its discretion in rejecting this argument.

In the first place, we entertain serious doubt as to defendant's position that plaintiff has suddenly advanced a new theory of liability. As noted by the lower court, the very first allegation of negligence set forth in plaintiff's complaint charges defendant with failing to employ reasonable safety measures when using highly dangerous equipment that caused the heat in the storage tanks to exceed 500° Fahrenheit. It cannot be gainsaid that this allegation was sufficient to place defendant on notice that plaintiff was contending defendant was negligent in heating the tank to a high temperature without taking adequate precautions. The fact that neither the complaint nor plaintiff's answer to defendant's interrogatories specifically state that defendant's use of inadequate insulating material caused or contributed to the fire is not pivotal. "A plaintiff must set forth only the operative facts on which he relies for his claim, and not the evidentiary facts upon which his claim rests, 3 Standard Pennsylvania Practice, § 33, p. 143." *D'Antona v. Hampton Grinding Wheel Co.*, 225 Pa.Super. 120, 126, 310 A.2d 307 (1973). Moreover, if the evidence offered by plaintiff at trial does not substantially correspond with his pleadings the defendant may object and make the appropriate motion.

■ Defendant's plea of surprise as to the potential problem with the insulating material is deserving of little sympathy. The contract specifically provided, inter alia, that defendant insulate each tank. Accordingly, it was defendant who purchased and installed the insulation. Under these circumstances, defendant's position is untenable for it assumes no duty on its part to investigate the cause of the fire. As the lower court aptly observed: "But counsel for defendant know perfectly well that there is a duty to investigate in this regard. Defendant should have made

itself aware of the problem and it had ample opportunity to do so. Defendant purchased the insulation for the specific purpose of preventing the escape of excessive heat from the tanks. The insulation was installed by defendant, and, surely, a sample was available for examination after the fire occurred." Defendant's perfunctory, if not casual, investigation in this regard is evidenced by the fact that in March of 1976 plaintiff directed an interrogatory to defendant inquiring as to the type of insulation used. Defendant responded that it was "Armstrong Armaglas Standard Duct Insulation." Indeed it appears that it was not until plaintiff furnished defendant with a copy of its expert report that defendant realized the insulation was a product of PPG. On this record, we cannot conclude the lower court abused its discretion in finding that the failure to effect a timely joinder was attributable to defendant's failure to conduct an adequate investigation. See *Zakian v. Liljestrand,* supra.

Finally, while joinder would serve the commendable objective of eliminating multiple litigation, it would also subject the plaintiff to inordinate delay in the establishment of his claim. As noted earlier, both plaintiff and defendant have engaged in extensive discovery for over three years. The depositions of some fifteen witnesses have been taken in three different cities. To now draw PPG into this litigation would entail substantial additional delay. That such delay has a potentially prejudicial effect upon the plaintiff's cause of action is obvious. Possible prejudice to defendant, on the other hand, by refusing late joinder is not so apparent. If defendant does have a meritorious claim against PPG it can litigate this matter in a subsequent action for contribution or indemnification in the event it is found negligent in the instant action. Furthermore, if defendant takes the position that PPG is solely liable to the plaintiff, this defense may be raised in the instant action even though PPG is not a party to the action. 8 Goodrich-Amram 2d § 2253:3, p. 100.

Order affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.