## Pressley v. Southeastern Pennsylvania Transportation Authority

*Martin Kreithen*, for plaintiff.
*Joan L. Gerson*, for defendants.
*M. Leon Sussman*, for additional defendant.

PRATTIS, *J.*, November 13, 1979—This matter was assigned to this court on the individual calendar program in July 1979. A pre-trial conference was held on September 24, 1979, and the matter was listed for trial on November 19, 1979.

Presently before the court is defendant's, Southeastern Pennsylvania Transportation Authority (SEPTA), motion for joinder nunc pro tunc, which was filed on October 24, 1979. SEPTA moves this

court to permit late joinder of R. S. Cook and Associates, Inc., Edward J. Maloney, Inc., and Joseph Cotumaeccio & Sons, Inc., as additional defendants.*

The pertinent facts are as follows:

Plaintiff alleges that she sustained various injuries, as set forth in her complaint, when she stepped into a hole in the platform of the Thirteenth and Market Street subway surface car station while alighting from a trolley. SEPTA was served with the complaint on March 23, 1976.

As grounds to support its motion, SEPTA pleads that its counsel "has just recently located indemnification and hold-harmless agreements given by the contractors and subcontractors to the defendant, SEPTA."

Pa.R.C.P. 2253, provides:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

In the case at bar, SEPTA's request for late joinder was not made until more than three years after the expiration of the 60-day period prescribed by Rule 2253. The burden of demonstrating sufficient cause to allow the late joinder, therefore, rests on

---

*These parties were identified by SEPTA in its answers to plaintiff's interrogatories as the contractors and subcontractors who "modernized" the subway station in question.

SEPTA: Welch Foods, Inc. v. Bishopric Products Co., 254 Pa. Superior Ct. 256, 385 A. 2d 1007 (1978).

While SEPTA asserts the recent discovery of indemnification agreements between itself and the parties it now seeks to join, it is significant to note that this information was in the sole possession and control of SEPTA. Further, as early as September, 1976, in its answer to plaintiff's interrogatories, SEPTA exhibited its knowledge that contractors and subcontractors were engaged in the repair of the area wherein plaintiff alleges she sustained injury. We find therefore that defendant SEPTA's failure to conduct an adequate investigation until the eve of trial is fatal to its request.

We are not unmindful of the objectives of joinder, that is, the elimination of multiple litigation. However, we are more impressed with plaintiff's right to establish her claim without further delay. We also note that denial of SEPTA's petition will in no way hamper SEPTA's rights to seek indemnification and/or contribution, under its agreements, against the named contractors and subcontractors should SEPTA be found liable to the plaintiff. Accordingly, we hold that SEPTA has failed to establish sufficient cause for late joinder and its motion will be denied.

ORDER

And now, November 13, 1979, upon consideration of SEPTA's motion for joinder of R. S. Cook and Associates, Inc., Edward J. Maloney, Inc., and Joseph Cotumaeccio & Sons, Inc. as additional defendants, nunc pro tunc, plaintiff's responsive

pleadings and the legal memoranda submitted thereto, it is hereby ordered and decreed that said motion is denied.