**DiCarlo v. Vincent A. Nese Construction Co., Inc.**

*David Alpern,* for defendant.
*J. Lawrence McBride,* for additional defendant.

WETTICK, *J.,* July 14, 1980—On May 3, 1979 plaintiffs instituted this action for property damage allegedly caused by defendant's negligence. Defendant was served on July 6, 1979 and 12 days later filed preliminary objections in which it sought a more specific pleading and the transfer of the case from the arbitration docket. These preliminary objections were overruled on February 8, 1980.

On February 28, 1980 defendant filed a complaint joining the Borough of Forest Hills as an additional defendant. Forest Hills has filed preliminary objections in the nature of a motion to strike on the ground that the joinder occurred more than 60 days after service of plaintiffs' complaint upon defendant. These preliminary objections are the subject of this opinion and order of court.

Pa.R.C.P. 2253 allows a party to join an additional defendant within 60 days after service of the complaint or any amendment thereof on the original defendant:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original

defendant or an additional defendant later than sixty (60) days after service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Because Forest Hills was joined later than 60 days after service of the complaint upon defendant, Forest Hills contends that defendant's third party complaint must be stricken: Moore v. Howard P. Foley Company, 235 Pa. Superior Ct. 310, 340 A. 2d 519 (1975).

Defendant, on the other hand, relies on Graham v. Greater Latrobe School District, 436 Pa. 440, 260 A. 2d 731 (1970), which permitted the filing of a complaint to join an additional defendant within 60 days after the original defendant's preliminary objections were overruled. In the Graham case the original defendant filed preliminary objections to strike the complaint on the ground that sovereign immunity barred recovery; within 60 days after these preliminary objections were overruled the original defendant filed a complaint joining an additional defendant; the additional defendant's preliminary objections to the joinder were sustained by the lower court on the ground that more than 60 days had elapsed from service of the complaint on the original defendant; and the Supreme Court reversed this ruling, stating at 436 Pa. 443, 260 A. 2d 733:

"Rule 2253 does not explicitly cover the situation of the joinder of additional defendants when the original defendant has filed preliminary objections to the complaint . . . When the objections are overruled, as here, reason and policy require that the defendant be given sixty days to join additional de-

fendants. Preliminary objections attack the validity of the pleading, and until those objections are overruled, a court has not determined that the plaintiff has a valid complaint. Applying that reasoning to time periods (1) and (2), the most reasonable construction of Rule 2253 would be that the defendant has sixty days from the time it is determined that plaintiff has filed a valid complaint . . . Also, it makes no sense to require the defendant to proceed as if the action will continue when he has before the court objections which, if successful, will terminate the litigation."

It is Forest Hill's contention that the Graham v. Greater Latrobe School District decision applies only to preliminary objections that, if sustained, will terminate the litigation. This decision, according to Forest Hills, does not reach preliminary objections which question only the form of the complaint or the forum which a plaintiff selected to try the dispute. This argument is not without substance. The rationale offered by the court for its decision was that it would make no sense to require a party who contends that the action should be terminated to join others for indemnity or contribution until the merits of its contention are determined.

Nevertheless, in the absence of a clear directive to the contrary from our appellate courts, for several reasons we believe that the Graham v. Greater Latrobe School District decision should apply to any preliminary objections to a plaintiff's complaint.

First, Pa.R.C.P. 2253 provides that a defendant may join an additional defendant within 60 days of any amendment to the plaintiff's complaint. The policy behind this provision is to give a defendant

full knowledge of the claim that he or she must defend before requiring the defendant to make a decision as to whether to join additional defendants. This policy is equally applicable to any defendant whose preliminary objections are overruled because until preliminary objections are decided a party does not have full knowledge of the claim that he or she must defend.

Second, the sustaining of almost any preliminary objection will result in the filing of an amended complaint which, in turn, will give each defendant an additional 60 days in which to join an additional defendant. And, as the court in Graham v. Greater Latrobe School District recognized, it makes no sense to construe Pa.R.C.P. 2253 in such a manner that the right to join depends on whether the defendant's preliminary objections are sustained or overruled. In either case the litigation is in the early stages; consequently joinder at this time should neither delay the trial nor require a party with insufficient preparation time to defend. Therefore we should construe Pa.R.C.P. 2253 to permit joinder within 60 days after any preliminary objections are decided in order to promote the policies of the joinder rules of resolving all aspects of a controversy in one trial so long as the plaintiff will not be subject to unreasonable delay in the prosecution of his or her claim. See Zakian v. Liljestrand, 438 Pa. 249, 258, 264 A. 2d 638, 641 (1970); Lamoree v. Penn Central Transportation Co., 238 Pa. Superior Ct. 380, 386, 357 A. 2d 595, 597 (1976).

Third, Forest Hill's argument assumes that it can easily be determined whether a preliminary objection is intended to terminate the action. This assumption is not correct. In the present case, for example, defendant sought to strike the complaint because it was filed as an arbitration action. If the

578

action was misfiled, the appropriate remedy would be to transfer the action to the general docket. Yet since defendant was requesting the court to strike the complaint, this is arguably a preliminary objection intended to terminate the action.

Because it is frequently unclear whether a party's preliminary objections are intended to terminate an action, we do not believe that the Pennsylvania Supreme Court intended for the Graham decision to apply only to such preliminary objections. This is particularly true because we are dealing with a rule which requires rights to be exercised within a specific time period. Such rules should be simply construed so that there is no misunderstanding over when a party must act to preserve his or her rights.

For these reasons we overrule Forest Hill's preliminary objections.

## ORDER

On this July 14, 1980, it is hereby ordered that the preliminary objections of the Borough of Forest Hills to defendant's complaint are overruled.