## Portnoff v. Goldstein

*Philip M. Gilligan*, for plaintiff.
*Andrew F. Napoli*, for defendant.
*Vincent B. Mancini*, for additional defendant.

ROSENBERG, *J.*, January 6, 1982—This matter is before the court on preliminary objections of the additional defendant, Brokers Title Company, Inc. (Brokers) to its untimely joinder.

On November 14, 1978, plaintiffs, Gilbert and Barbara Portnoff, filed a complaint against defendants, Barry Goldstein, individually and as agent for Modell, Pincus, Hahn and Reich, alleging defendants' negligence in the course of their legal representation of plaintiffs on various real estate and related matters. Defendants' answer and new matter was filed on March 20, 1979.

Thereafter, the Honorable Eugene Gelfand, by order dated March 20, 1979, granted defendants, ex parte, an additional 40 days within which to join Brokers Title Company, Inc. as additional defendants, without prejudice to Brokers to timely object.

Brokers first became aware of the entry of that order on June 7, 1979, upon being served with defendants' complaint, an event which occurred some seven months after commencement of the original suit by plaintiffs against defendants. Preliminary objections to that complaint were filed on July 23, 1979, based upon defendants' apparent violation of the requirement under Pa.R.C.P. 2253, that joinder of an additional defendant take place within 60 days of service of the initial pleading upon defendants, absent cause shown by the latter for an extension of that time limit.

Oral argument was heard on December 18, 1979. On January 16, 1980, additional defendants' preliminary objections were sustained by order of the Honorable Edward B. Rosenberg.

An appeal of that order was filed by defendants and the following matters raised:

"1. That the grant of the Preliminary Objections of the Additional Defendants was in error.

2. That the joinder of the Additional Defendants was not objected to by the original plaintiffs and no prejudice to the plaintiffs by the joinder was shown.

3. That under the applicable law, the proposed additional defendants were not prejudiced by the late joinder even if the statute of limitations as to them by the original plaintiff had expired.

4. That the said appellants have alleged sufficient cause for the late joinder since plaintiff's complaint alleged matters occurring ten years prior to suit and appellants could not find their files which contained the information sufficient to identify the additional defendants.

5. That appellants are unaware of the reason or reasons for the grant of the Preliminary Objections since such reason or reasons do not appear of record—an Order only having been issued."

Ordinarily, a defendant has 60 days from the time the complaint is served upon him to join an additional defendant; thereafter he may be permitted to do so only with leave of court "upon cause shown."

"The granting of leave to join an additional defendant more than sixty days after plaintiff's original pleading involves an exercise of the Court's discretion, Zakian v. Liljestrand, 438 Pa. 249, 255, 264 A. 2d 638, 641 (1970), and if the proposed additional defendant is not given an opportunity to be heard at the time of the original exercise of that discretion, he should at least be given a later opportunity to have the decision properly reconsidered. The filing of preliminary objections is a wholly appropriate method for invoking such reconsidera-

tion." McDevitt v. Avis Rent-A-Car Systems, Inc., 443 Pa. 49, 52 277 A. 2d 815, 816 (1971).

Pa.R.C.P. 2253 provides:

"Neither praecipe for a writ to join an additional defendant if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

"As a general proposition, the time period for the joinder of an additional defendant should be extended if there is alleged: (1) some reasonable justification or excuse for the delay; (2) facts showing the liability of the proposed additional defendant; (3) that the extension will not cause any undue hardship on the additional defendant." Rizzo v. Philadelphia, 67 D. & C. 2d 666, 668.

1. Have defendants failed to show the required "cause" or "reasonable justification or excuse" for the delay?[1]

In November of 1978, plaintiffs sued defendants for damages allegedly resulting from negligent representation. Service of plaintiffs' complaint was effected on November 14, 1978. No attempt was made by defendants to join additional defendants herein within the 60 days specified in the rule; however, on April 26, 1979, more than five months after re-

---

1. Where the 60 day period prescribed by the Rule has long since expired, the burden of demonstrating sufficient cause to allow the unseasonable joinder of the additional defendant rests with defendant. See Welch Foods v. Bishopric Products, Inc., 254 Pa. Superior Ct. 256, 385 A. 2d 1007 (1978); Lamoree v. Penn Central Transportation Co., 238 Pa. Superior Ct. 380, 357 A. 2d 595 (1976).

ceipt of service, defendants petitioned this court for an extension of time to join the additional defendant, Brokers Title Company, Inc.

In effect, defendants contend that this delay was unavoidable and therefore excusable. The "cause" relied upon was that they did not know the identity of the title company, (the proposed additional defendant), until locating ten-year old files which had been lost, temporarily, in storage.

The court has reviewed all papers filed in this matter and has held oral argument on additional defendant's preliminary objections. We have concluded that defendants' explanation does not sufficiently or reasonably excuse the delay for a number of reasons.

First, that defendants' files were unavailable for seven months because they contained information dating back ten years is of unexplained significance in view of the prolonged attorney-client relationship, set forth in the record, between plaintiffs and defendants throughout the course of approximately eight years. Specifically, in defendants' answers to plaintiffs' interrogatories, defendant, Barry Goldstein stated that he was retained by plaintiffs as their legal representative in late 1968, and that services were provided to plaintiffs at that time, in late 1972 and 1973 and in 1976.

From this court's examination of defendants' answers to interrogatories, it appears that throughout the course of defendants' eight year representation of plaintiffs, from 1968 to 1976, there was a continuing pattern of related activities. Defendant, Barry Goldstein states, for example, that (during that period) defendants met with plaintiffs "approximately six to eight times," arranged for the sale and purchase of property, arranged judgment searches, obtained title reports, reviewed various documents

and corresponded with plaintiffs. Defendant further states that in 1976, he spoke to plaintiff and wrote them a letter and that he reviewed a Writ of Revival of Judgment in Delaware County. Thus, even accepting as true defendant Goldstein's averment that he did not recall the involvement of Brokers in his 1969 representation of plaintiffs, the fact of the parties' ongoing professional relationship, consistently focused on plaintiffs' real estate concerns, erodes any merit which might otherwise accrue to "lost files" defense.

It is indisputable that information as to the identity and involvement of the proposed additional defendant was contained in files which were or should have been under defendants' control; however, nowhere do defendants offer evidence of their efforts, if any, to locate the missing file(s); nor was it alleged that the delay was caused by physical impossibility or by a lack of awareness of the possible liability of the proposed additional defendant.[2]

The delay in this case, one of seven months duration, is essentially without explanation. We hold, therefore, that where a delay of seven months has been unsatisfactorily explained, "cause" has not been shown for the joinder of the additional defendant. Defendants' bare averments that a file which had been put into storage could not sooner be retrieved does not constitute such reasonable justification or excuse for that delay as to permit the late

2. In Paragraph 9 of defendants' complaint against Brokers, defendants alleged:

"That the defendants relied upon the two title reports referred to above in advising the plaintiffs of their rights and the said additional defendants were negligent in failing to conduct a proper judgment search and in otherwise breaching their obligations to the defendants and to the plaintiffs."

joinder of additional defendants under the provision of Pa.R.C.P. 2253.

Although this court is unaware of any late joinder cases with facts indentical to those at bar, the losing of a file can reasonably be categorized as an "inadvertence of counsel" or a clerical oversight." In Moore v. Foley Co., 235 Pa. Superior Ct. 380, 340 A. 2d 519 (1975), the court held that the inadvertence of counsel is not, of itself, "adequate justification" for an extension of time to join an additional defendant, citing Shimer v. Jacoby, 30 Northampton 326, 331 (1946) in support of its position:

"Were we to hold that inadvertence of counsel is sufficient cause or extension of time, all time limits prescribed by Pa.R.C.P. would be rendered meaningless in that any delay on the part of the negligent party or his counsel could be excused by an averment of inadvertence. The excuse of inadvertence cannot be raised to the dignity of a cause without abrogating prescribed time limits and permitting parties to respond in court at their convenience."

A similar conclusion was reached in Topper v. Arway, Inc., 55 D. & C. 2d 195, aff'd 221 Pa. Superior Ct. 732 (1971), 288 A. 2d 543 (1972). There, Judge Hirsh denied plaintiff's petition for leave to join an additional defendant a year after the original complaint had been served, holding that an allegation of "clerical oversight" did not sufficiently constitute "cause" for the delay under Pa.R.C.P. 2235.

Instantly, where defendants had information in their possession or under their control which would have enabled timely joinder but for inadvertence or clerical error, "cause" for late joinder cannot be established under the rule.

2. Will granting an extension of time for joinder cause any undue hardship upon plaintiffs and/or additional defendant?

While this court's holding, above, of no cause shown for the delay, is dispositive of defendants' petition for extension of time, we also find that joinder at this point might well prejudice plaintiffs as well as proposed additional defendants.

Initially, we find no authority, nor has any been cited by defendants, for the proposition that plaintiffs' failure to object to late joinder precludes a finding that they may be prejudiced by it; but, certainly, any such inference, based upon plaintiffs' silence, would be neutralized by the fact of plaintiffs' failure to join with defendants on the latter's petition.

In Broker's brief and at oral argument it was asserted that both plaintiffs and proposed additional defendants would be unduly prejudiced by late joinder. As to plaintiffs, for example, such joinder might further substantially delay trial to allow time for the filing of necessary pleadings and for plaintiffs' participation in discovery proceedings. See Zakian v. Liljestrand, 438 Pa. 249, 264 A. 2d 638 (1978). The bringing in of additional issues and witnesses by Brokers could further delay the court's final disposition.

Aside from the delay of trial which would result from granting an extension, it is apparent that defendants have not acted expeditiously; their failure to set forth their efforts to locate the "lost" file or to otherwise explain why the search was hampered for a period of some seven months shows a lack of diligence which should not be tolerated. See Procovich and Cavaricci, 72 D. & C. 2d 382, 387 (1976). Further, there would be no benefit to plaintiffs to

offset the potential harm from late joinder since the statute of limitations has run as to any cause of action they might have had against proposed additional defendants.

Brokers, likewise, would be prejudiced if late joinder were permitted in this case. Defendants' claim against them can only be asserted on a theory of joint liability or liability over for contribution or indemnity. Accordingly, defendants have no cause of action against proposed additional defendants until such time as plaintiffs secure a judgment against them. Thus, by permitting joinder now, Brokers will be forced to incur the costs and attorney fees for presenting their defense before defendants' claims for contribution or indemnification have actually matured.

## CONCLUSION

In summary, since the statute of limitations has run as to plaintiffs, barring their recovery on a judgment against additional defendants and since defendants' claims against Brokers for contribution and indemnity are solely a function of the success of plaintiffs' action against defendants, it is evident that late joinder will be advantageous only to defendants while generating prejudice, meanwhile, to both other parties. More fundamentally, however, the court finds that defendants failed to show cause why the late joinder should be permitted.

"Before the defendant can ask the court to help *him* secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself." Zakian at 258, supra. Accordingly, we entered our order of January 16, 1980, sustaining the preliminary objections of additional defendants to defendants' complaint.