**Regan v. Rajan and Temple University Hospital**

*Albert S. Fein,* for plaintiff.

*Richard R. Galli,* for defendants Renga Rajan and Temple University Hospital.

*Jan DuBois,* for defendant Whan S. Chung.

*Erik N. Videlock,* for additional defendant.

WALLACE, *J.,* June 1, 1984—Presently before this court are the preliminary objections of the additional defendant, G. D. Searle and Company (Searle), and the response of defendant Whan S. Chung, M.D. (Dr. Chung). This court sustains the preliminary objections and dismisses the complaint of Dr. Chung, for the reasons stated below.

Plaintiffs began this action against Renga Rajan, M.D. (Dr. Rajan) and Temple University Hospital (Temple) on July 14, 1980. Plaintiffs' claims arise out of treatment rendered to Theresa Regan by Dr. Rajan at Temple during six hospitalizations from November, 1978 to September, 1979, for a rare medical condition of vaginal agensis—a functioning uterus but no vagina. Dr. Rajan's treatment included the insertion of an intrauterine device on February 7, 1979. Plaintiffs allege that Dr. Rajan was negligent in his treatment and that the insertion of the intrauterine device amounted to the sale of a defective product giving rise to liability under Section 402A of the Restatement (Second) of Torts and for breach of warranty.

Plaintiffs brought a subsequent action against Dr. Chung on August 12, 1982. These claims stem from treatment administered by Dr. Chung to Theresa Regan for infection at Episcopal Hospital, during five hospitalizations from September 26, 1979 to

August 9, 1980. Plaintiffs allege that Dr. Chung was negligent for failing to identify and remove the intrauterine device in light of the severe pelvic infection experienced by Theresa Regan.

The two actions brought by plaintiffs were consolidated by an order of the Honorable Thomas A. White on July 20, 1983. The parties to the consolidated actions filed a stipulation seeking to extend for 30 days the time allowed for joinder of G. D. Searle and Company as an additional defendant. The stipulation was approved by Honorable White on November 3, 1983, without prejudice to the right of G. D. Searle and Company to timely object.

On December 1, 1983, Dr. Chung filed a complaint against Searle, alleging that if plaintiffs prevail on their complaints, Searle is alone liable to plaintiffs or, in the alternative, is jointly and severally liable to Dr. Chung for full indemnity, or, in the alternative, is jointly and severally liable with Dr. Chung for contribution.

Searle makes these preliminary objections on two grounds. First, Searle petitions for dismissal of Dr. Chung's complaint on grounds that the joinder of Searle more than a year after Dr. Chung was served with plaintiffs' complaint is untimely under Pa. R.C.P. 2253 and that Dr. Chung has failed to show cause, as required by Rule 2253. Second, Searle demures to Dr. Chung's complaint and seeks dismissal on the grounds that even when all the well-pleaded facts in Dr. Chung's complaint and plaintiffs' prior complaints are taken as true, they fail to state a cause of action against Searle. This court grants the preliminary objections on the first basis—that the complaint was untimely—and addresses this issue. The second basis—that the complaint is insufficient as a matter of law—will not be addressed.

Pa. R.C.P. 2253 states as follows:

"Neither praecipe for a writ to join an additional defendant nor a complaint, if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

The application of this rule to the instant case is clear. Defendant's request for permission to join Searle as an additional defendant was not made until more than 15 months after the expiration of the 60-day period prescribed by Rule 2253. Consequently, the burden of demonstrating sufficient cause to allow the unseasonable joinder rested with defendant. Lamoree v. Penn Central Transportation Co., 238 Pa. Super. 380, 357 A.2d 595 (1976).

The question of whether there is "cause shown" to justify an extension of time to permit the joinder of an additional defendant is a matter committed solely to the discretion of the trial judge. Zakian v. Liljestrand, 438 Pa. 249, 264 A.2d 638 (1970); Marnell v. Cross, 372 Pa. 82, 92 A.2d 688 (1952); Lamoree v. Penn Central Transportation Co., 238 Pa. Super. 380, 357 A.2d 595 (1976).

Rule 2253 specifies neither what constitutes "cause shown" nor what criteria should be considered. The court is, therefore, guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60-day limitation was placed on its use. Zakian v. Liljestrand, supra, 438 Pa. at 256, 264 A.2d at 641. In essence, these rules are designed to dispose of matters involving numerous parties in a simple and expeditious manner "without subjecting the original plaintiff to unreasonable

delay in the prosecution of his portion of the litigation." Zakian v. Liljestrand, supra.

The "cause" relied upon by Dr. Chung in the instant case is based on two contentions. His first contention is that he had absolutely no knowledge of, nor any reason to know of, the possible liability of Searle until his counsel had undertaken and completed extensive discovery procedures. Specifically, it was not until November 30, 1983, that Dr. Chung's attorney was advised by Dr. Rajan's attorney that a CU-7 IUD, not a Saf-T-Coil IUD, was involved in this case. And his second contention is that the delay was otherwise justified by the complicated nature of the case and the voluminous medical records.

Such contentions are invalid and, furthermore, deserve no sympathy. Dr. Chung's contention that he could not effect joinder because he was unable to determine whether to join the manufacturer of CU-7 IUD's or the manufacturer of Saf-T-Coil IUD's is not supported by the record. In all of the medical records in this case, the only reference to a Saf-T-Coil is in the Temple discharge summary for the period January 18 to February 10, 1983. In contrast, the IUD is identified as a CU-7 in the February 7, 1979 operative report of the Temple resident who assisted in its insertion, and in the December 18, 1980 report of the St. Barnabus Hospital pathologist who removed it. The IUD is also identified as a CU-7 in the records of Episcopal Hospital in a November 20, 1979 Department of Radiology report and in progress notes dated in July 10, 1980 and August 7, 1980, the first of which appears to have been written by Dr. Chung himself. Moreover, both Dr. Rajan and Dr. Perkins testified at depositions in 1981 that they inserted a CU-7 in Theresa Regan

and plaintiffs' 1980 complaint against Dr. Rajan refers to the IUD as a CU-7.

With such information, it is unreasonable for Dr. Chung to have taken longer than one year to resolve a question of which IUD was inserted. Moreover, it is difficult to perceive of any information concerning the identity of the IUD or the potential involvement of Searle which was not known to Dr. Chung or readily available to him through the exercise of diligence within 60 days of the service of plaintiffs' complaint.

"Due diligence" is just what Dr. Chung is required to demonstrate in investigating the facts of the case. As stated in Zakian v. Liljestrand, supra, 438 Pa. at 258, 264 A.2d at 642-643, "(b)efore the defendant can ask the court to help *him* secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself." (Emphasis in original.)

Dr. Chung's second contention that the delay was justified by the complicated nature of the case and the voluminous medical records is similarly invalid. It is the opinion of this court that the nature is not so complicated nor are the medical records so voluminous as to warrant joinder.

Finally, while joinder would serve the commendable objective of eliminating multiple litigation, it would not serve the Rule 2253 objectives stated above. Joinder would, instead, defeat such objectives since it would subject plaintiffs to inordinate delay in the establishment of their claims. More than three and one-half years have elapsed since the commencement of plaintiffs' action against Dr. Chung. During this time extensive discovery has been completed by the original parties. At least five sets of interrogatories have been propounded and answered. At least four expert physicians have giv-

en opinions on the parties' respective claims and defenses. Ten witnesses, including seven medical doctors, have been deposed, and plaintiffs Theresa Regan and Donald Regan have already been deposed twice, once in the first action and a second time after Dr. Chung was sued.

To now draw Searle into this litigation would entail substantial additional delay. Searle would require substantial time to analyze the extensive record already developed, to engage and prepare its own experts, and to conduct discovery.

The prejudicial effect of such a delay to the plaintiffs is a necessary element to the determination of whether Rule 2253 should be applied. Welch Foods, Inc. v. Bishopric Products Co., 254 Pa. Super. 256, 385 A.2d 1007 (1978). In this case, the effect is obviously so great as to bar application.

Potential prejudice to Dr. Chung, on the other hand, by refusing late joinder, is not so apparent. If Dr. Chung has a meritorious claim against Searle, he can litigate this matter in a subsequent action for contrition or indemnification in the event it is found negligent in the instant action. The statute of limitations for an action for indemnity or contribution does not begin to run until after a judgment is obtained in the original action. Burch v. Sears, Roebuck & Co., 320 Pa. Super. 444, 467 A.2d 615 (1983). Dr. Chung's assertion that Searle can be held directly liable to plaintiffs is improper, since the applicable statutes of limitations would run against any direct claims plaintiffs have against Searle. Zachrel v. Universal Oil Products Co., 355 Pa. 324, 49 A.2d 704 (1946).

It is then conclusively shown that the only advantage in permitting the late joinder is the elimination of a possible action by Dr. Chung for indemnity and

contribution. The substantial costs and time delay, however, weigh against such advantage.

## ORDER

And now, this June 1, 1984, upon consideration of additional defendant G. D. Searle and Company's preliminary objections, it is ordered that the preliminary objections be, and hereby are, sustained. The complaint of defendant Whan S. Chung, M.D., against G. D. Searle and Company as additional defendant is dismissed.