## Peplinski v. Loblaws Inc.

*John M. Quinn Jr.,* for plaintiff.

*Alfred L. Benedict,* for defendants Loblaws Inc. and Peter J. Schmitt.

*Mark E. Mioduszewski,* for additional defendant Coyne International Enterprises Corp.

JOYCE, *J.,* November 26, 1991—This matter comes before the court on preliminary objections of additional defendant, Coyne International Enterprises Corp., to defendants' complaint to join an additional defendant. Coyne's preliminary objections are in the nature of a motion to strike based on its assertion that defendants did not comply with Pa.R.C.P. 2253 in joining Coyne and have failed to demonstrate excuse for their non-compliance.

The relevant facts are as follows: On June 27, 1990, plaintiff tripped and fell at Loblaws Supermarket. On April 25, 1991, plaintiff filed a complaint asserting defendants' negligence in using a rug (upon which plaintiff tripped) that tended to bunch up and not adhere to the floor. The complaint was served on April 29, 1991. On September 3, 1991, defendants filed a petition

for leave to join Coyne (the supplier of the rug) as an additional defendant, which petition was granted. Defendants filed a complaint to join an additional defendant on September 3, 1991 as well.

Under Rule 2253, the filing of defendants' complaint more than 60 days after the service of plaintiff's complaint on April 29, 1991, was properly allowed by the court upon cause shown by defendants. In their petition for leave to join an additional defendant, defendants stated that plaintiff was not deposed until June 25, 1991, and that, both prior to and subsequent to plaintiff's deposition, defendants were conducting an investigation to determine whether Coyne's rug was at least partially responsible for plaintiff's injuries and whether Coyne may be liable for a defect in the rug. Defendants further contended that joinder would not prejudice any party and would avoid unnecessary and duplicate litigation. In light of these particular circumstances, defendants were granted leave to join Coyne despite the delay of approximately two months and one week. However, leave was granted without prejudice so Coyne could later object to the joinder. Coyne filed preliminary objections and, in response thereto, defendants asserted that the additional time was necessary to determine if there was a valid claim against Coyne.

Whether cause has been shown for the allowance of an extension of time for the joinder of an additional defendant is a matter within the discretion of the court. *Lamoree v. Penn Central Transportation Co.*, 238 Pa. Super. 380, 357 A.2d 595 (1976). This court determined that defendants showed sufficient cause to allow joinder after the 60-day period stated in Rule 2253. The delay was relatively short. Defendants sufficiently stated

their reasons for the delay in their petition and it does not appear that joinder following a two-month delay will prejudice any party. Furthermore, joinder will avoid unnecessary litigation in this particular case. For these reasons, the preliminary objections of the additional defendant to defendants' complaint are denied.

## ORDER

And now, November 26, 1991, after hearing arguments of counsel and reviewing submitted briefs, it is hereby ordered and decreed that the preliminary objections of additional defendant, Coyne International Enterprises Corp., are denied.