363 A.2d 1197
**Eleanor DESIDERIO, Administratrix of the
Estate of Eleanor Desiderio**

v.

**R & R TIRE CENTER, INC., trading as
R & R Datsun, Appellant**

v.

**NISSAN MOTOR CORPORATION IN U.S.A.
and Jerry Palamar.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

136

Edward R. Paul, Alan Letofsky, Philadelphia, for appellant.

Benjamin Kuby, for Desiderio, Administratrix; Ian M. Comisky, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County, Civil Division, denying a petition for extension of time to join additional defendants.

Plaintiff's decedent incurred her fatal injuries on May 18, 1971 when a car in which she was a passenger left the road and crashed into a tree. The complaint against the retailer from whom the car had been purchased, R & R Tire Center, Inc. t/a R & R Datsun, defendant-appellant, was filed May 15, 1975 and served on May 22, 1975. Breach of implied warranty was the basis of the alleged liability. Appellant's counsel entered his appearance July 15, 1975 and filed his answer August 26, 1975. The petition for the extension of time to join additional defendants—Jerry Palamar, the operator of the car, and Nissan Motor Corporation, the manufacturer—was filed October 14, 1975.

Rule 2253, Pa.R.C.P., provides:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

A denial of petition for *nunc pro tunc* joinder pursuant to this rule is reversible on appeal only for abuse of discretion. *Zakian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970); *Marnell v. Cross,* 372 Pa. 82, 92 A.2d 688 (1952). Such a petition must allege some reasonable justification for the delay. *Moore v. Howard P. Foley Co.,* 235 Pa.Super. 310, 318, 340 A.2d 519 (1975).

The petition in the instant case contained no justification for the delay. Although appellant's brief draws our attention to the fact that counsel did not enter

the case until a few days before the initial 60-day period expired, this alone hardly justifies an extension for an additional period exceeding that length. The petition was filed 91 days after counsel's initial appearance. In the absence of an explanation for the delay, we must conclude that it was properly denied.

Order affirmed.

VAN der VOORT, J., dissents.