Coopers & Lybrand v. Penn State Mutual Insurance Company et al.

Penn State Mutual Insurance Company, Grocers Mutual Insurance Co., Angelica Mutual Insurance Co., Patrons Mutual Insurance Co. and Amherst Insurance Company, Appellants.

436

Argued October 5, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

*Edward J. Marcantonio*, with him *Swartz, Campbell & Detweiler*, for appellants.

*Richard C. Rizzo*, with him *Melvin A. Schwarz*, for appellee.

Opinion by President Judge Bowman, November 17, 1977:

Certified public accountants, Coopers & Lybrand (appellee), brought this action in assumpsit in the Court of Common Pleas of Philadelphia County to recover fees of $40,000.00 for the performance of statutory audits of the books and records of five

named insurance companies (appellants) allegedly pursuant to Sections 213-216 of The Insurance Department Act of one thousand nine hundred and twenty-one, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §§51-54, and to an agreement between appellee and the Insurance Department directing and authorizing the performance of these audits.

Appellants filed preliminary objections on March 12, 1975, challenging the jurisdiction of the court below and raising the defense of failure to join necessary parties; namely, the Commonwealth of Pennsylvania, the Insurance Department and the Insurance Commissioner.

By order dated October 8, 1975, these preliminary objections were overruled and appellants were directed to answer the complaint. Appellants did not take an appeal pursuant to Section 1 of the Act of March 5, 1925, P.L. 23, *as amended,* 12 P.S. §672, nor otherwise seek an allowance of appeal.

On November 10, 1975, appellants filed an answer with new matter and on December 18, 1975, filed a petition for an extension of time to join as additional defendants the Commonwealth of Pennsylvania, the Insurance Department and the Insurance Commissioner. Appellee opposed this petition in which appellants alleged *only* that the proposed additional defendants should be parties to the proceedings before the court below.

By opinion and order, the court below denied said petition, stating that appellants had failed to establish cause for the granting of an extension beyond the sixty day limit of Pa. R.C.P. No. 2252 as required by Pa. R.C.P. No. 2253. This appeal followed.

Pa. R.C.P. No. 2253 provides:

Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder

> is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

The sixty day period commenced to run on October 8, 1975, when appellants' preliminary objections were overruled, *Graham v. Greater Latrobe School District,* 436 Pa. 440, 260 A.2d 731 (1970), and expired on December 8, 1975, Statutory Construction Act of 1972, 1 Pa. C.S. §1908, ten days prior to the actual filing of appellants' petition.

Whether or not to grant appellants' petition was a matter of discretion for the court below, *McDevitt v. Avis Rent-A-Car Systems, Inc.,* 443 Pa. 49, 277 A.2d 815 (1971), and such a discretionary determination will not be reversed unless an abuse of discretion is shown. *Zakian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970).

In *Zakian, supra,* our Supreme Court balanced the objectives sought to be achieved by additional defendant practice against the purposes of the sixty day limitation of Pa. R.C.P. No. 2253 with a view toward simplifying and expediting matters without prejudicing plaintiffs by unreasonable delays. The Court also held that length of delay must be viewed in the context of the entire proceedings.

We do not believe, however, that in these proceedings a balancing is appropriate. Appellants bore a burden of pleading and demonstrating sufficient cause to justify their delay. *Desiderio v. R & R Tire Center, Inc.,* 242 Pa. Superior Ct. 135, 363 A.2d 1197 (1976); *Lamoree v. Penn Central Transportation Co.,* 238 Pa. Superior Ct. 380, 357 A.2d 595 (1976); *Detro v. Motor*

*Freight Express,* 54 Pa. D. & C. 2d 718 (1971), *aff'd,* 221 Pa. Superior Ct. 727, 288 A.2d 533 (1972); *Salem United Church of Christ, Inc. v. Rogele, Inc.,* 89 Dauph. 211 (1968). Having neither pleaded nor even attempted to argue any justification whatsoever for their failure to comply with Pa. R.C.P. No. 2253, we cannot, within the permissible scope of review, hold that the court below abused its discretion. *Moore v. Howard P. Foley Co.,* 235 Pa. Superior Ct. 310, 340 A.2d 519 (1975); *cf. Zakian v. Liljestrand, supra; compare DelGuercio v. DiFalco,* 51 Pa. D. & C. 2d 776 (1971); *Stoltz v. Carroll,* 27 Pa. D. & C. 2d 650 (1962).

What the Supreme Court said in *Zakian, supra,* is apropos: "Before the defendant can ask the Court to help *him* secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself: . . . ." 438 Pa. at 258, 264 A.2d at 642-43 (emphasis in original).

ORDER

Now, November 17, 1977, the order of the lower court is hereby affirmed.