431 A.2d 1041

**PENNSYLVANIA GAS AND WATER COMPANY**

v.

**LISBON CONTRACTORS, INC., Appellant/Defendant,**

v.

**CONSOR, TOWNSEND & ASSOCIATES and Plains
Township Sewer Authority.**

Superior Court of Pennsylvania.

Argued April 21, 1981.

Filed June 26, 1981.

Charles E. Wasilefski, Harrisburg, for appellant.

Daniel G. Flannery, Wilkes-Barre, for Pennsylvania Gas, appellee.

Ralph J. Johnston, Jr., Wilkes-Barre, for Consor, appellee.

Joseph S. Falchek, Wilkes-Barre, for Plains, appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

MONTEMURO, Judge:

This is an appeal from an Order by the court below, sustaining the preliminary objections of the additional defendants/appellees (Consor, Townsend and Associates and Plains Township Sewer Authority) and discharging them as parties. Appellees had challenged, under Pennsylvania Rules of Civil Procedure, Rule 2253, their joinder by the defendant/appellant (Lisbon Contractors, Inc.). For the reasons discussed below, we find that we agree with both the trial court and the appellees and, accordingly, we affirm.

On April 25, 1978, the plaintiff in the case below (Pennsylvania Gas and Water Co.) filed a two count complaint against the appellant herein. The first count was in trespass and alleged that appellant, who had contracted with appellee, Plains Township Sewer Authority, to install a sewer system, had negligently damaged some of the plaintiff's water and gas mains during said sewer installation. The second count, in assumpsit, was based on certain provisions of the contract between the appellant and appellee Sewer Authority, which were allegedly to the effect that appellant would be responsible for any damages to plaintiff's facilities.

On May 4, 1978, the appellant herein filed a preliminary objection in the nature of a demurrer to the second (assumpsit) count of the complaint. On October 4, 1978, the court below dismissed the defendant's demurrer. In the meantime, apparently due to statute of limitations problems, the appellant herein gave notice, by Writ of Summons dated

July 12, 1978, and named the appellees herein as additional defendants. These were received by appellees on July 17 and 18, 1978. On December 11, 1978, appellee, Sewer Authority, filed a preliminary objection to its joinder as additional defendant, based primarily on Pa.R.Civil P. 2253. On March 26, 1979, appellee, Consor, Townsend and Associates, filed similar preliminary objections. Both sets of preliminary objections were sustained by the lower court on October 2, 1980. This appeal followed.

The language of Pa.R.Civil P. 2253, which rule goes to the heart of this appeal, reads as follows:

> Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

The lead case interpreting this rule, particularly as it applies to the instant action, is *Graham v. Greater Latrobe School District*, 436 Pa. 440, 260 A.2d 731 (1970). [Hereinafter *Graham*] In that case, our Supreme Court held that Pa.R.Civil P. 2253 means that "... the praecipe or complaint must be filed within one of the following three periods: (1) within sixty days after service on the defendant of the plaintiff's complaint; (2) within sixty days after service on the defendant of an amendment of the plaintiff's complaint; (3) within such greater time as may be allowed by the court upon cause shown." Id., 436 Pa. at 443, 260 A.2d at 732. The thrust of the *Graham* decision, however, was to carve out an exception to the above-quoted interpretation, a "fourth" time period, when, as in the instant action, the original defendant had filed preliminary objections to the original complaint. In that event, the sixty day period does not begin to run until the objections are ruled upon. Id., 436 Pa. at 444, 260 A.2d at 733.

Naturally, appellant argues that since it demurred to part of the original complaint, *Graham* should apply to its case.

This would free it from the requirement, admittedly not met, that the Praecipe for Writ of Summons against appellees be filed *within sixty days* of the original complaint. We disagree.

One problem we have with appellant's proposed application of *Graham* is that the preliminary objections in *Graham* (based on sovereign immunity), *if successful*, would have acted as a complete bar to the plaintiff's claim, thereby obviating *any* need for bringing in an additional defendant. Indeed, the decision in *Graham* is soundly based on the fact that it would "make no sense to require a defendant to proceed as if the action will continue when he has before the court objections which, *if successful*, will *terminate* the litigation." Id., 436 Pa. at 444, 260 A.2d at 733. (Emphasis added). Unfortunately for appellant, this procedural background simply does not fit the facts of the instant appeal.

In the case below, the appellant herein did file preliminary objections. The distinguishing feature between this case and *Graham*, however, is that appellant herein demurred *only* to the assumpsit count and not to the count in trespass. In other words, the demurrer, if successful, would *not* have terminated the litigation. We agree, therefore, with the trial court and hold that where an original defendant files preliminary objections to less than all counts of a multi-count complaint, *Graham* does not apply and the sixty day period for joinder of additional defendants goes forward as usual.

By way of further clarification of the meaning of *Graham*, we note that appellant contends in its brief that the additional defendants were necessary parties only to the count demurred to and *not* to the other count. If that were so, we would be constrained to say that *Graham* still applies to appellant's case despite our holding regarding preliminary objections to less than all counts of a multi-count complaint. A review of the record, however, reveals that appellant's contention on this point is incorrect.

Looking at the specific allegations contained in both the complaint and the answer with new matter by appellant, we

find it extremely difficult to believe that the appellees were not necessary additional defendants as to *both* counts of the original complaint. Indeed, an examination of the appellant's answer with new matter (by which appellant seems to have outlined its theory of liability as to the additional defendants) leads us to say that, if anything, the appellees herein are more closely connected to the trespass count than to the count in assumpsit, by virtue of their supposed contribution to appellant's alleged negligence.[1] Admittedly, appellees' connection via the contract does potentially exist, but it is a less strong and less direct connection to the plaintiff (and what it complains of) than is the negligence connection. We reject, therefore, appellant's attempt to save itself on this point.

For the foregoing reasons, the Order of the court below is hereby affirmed.

---

1. Specifically, appellant alleged in paragraph 9 of New Matter that damages to plaintiff, if any, resulted from the negligent errors or omissions of both appellees in connection with their duties vis-a-vis this project.