443 A.2d 1154

**COMMERCIAL BANKING CORPORATION,**

v.

**Joel W. CULP, Wilma B. Culp and Robert D. Culp, Appellant,**

v.

**INDUSTRIAL VALLEY BANK AND TRUST COMPANY.**

Superior Court of Pennsylvania.

Argued May 6, 1981.

Filed April 2, 1982.

Joel W. Culp, appellant, in pro. per.

Wilma B. Culp, appellant, in pro. per.

Robert D. Culp, appellant, in pro. per.

Arnold R. Lieberman, Philadelphia, for appellee, Commercial Banking Corp.

Peter McGonigle, Philadelphia, for appellee, Indus. Valley Bank and Trust Co.

Before SPAETH, CAVANAUGH and LIPEZ, JJ.

CAVANAUGH, Judge:

██ This is an appeal from an order denying appellants' petition for nunc pro tunc joinder of an additional party. Such an order is a final order and appealable pursuant to Rule 341(a), Pennsylvania Rules of Appellate Procedure.[1]

Our inquiry must begin with a review of the facts and the pleadings. On June 14, 1974, Joel W. Culp and his wife, Wilma B. Culp, appellants herein, placed a mortgage on their property at 1015 Pecan Drive, Lansdale, Pennsylvania, with Industrial Valley Bank (hereinafter "IVB"), appellee herein. IVB immediately transferred the mortgage to Commercial Bank Corporation (hereinafter "CBC").

In 1976 the Culps conveyed the mortgaged premises to their son, Robert D. Culp, also an appellant herein. In November 1977, Joel and Wilma Culp defaulted upon the CBC mortgage and on November 13, 1978, CBC filed a complaint in foreclosure against all appellants.[2] Robert

---

1. Our court has jurisdiction to entertain this appeal because denying a petition to join an additional defendant is a final order and appealable. See *Signal Consumer Discount Co. v. Babuscio*, 257 Pa.Super. 101, 390 A.2d 266 (1978); the Act of July 31, 1970, P.L. 673, No. 223, Art. III, § 302: 17 P.S. § 211.302 (repealed); now 42 Pa.C.S.A. § 742.

2. Robert Culp was joined as a defendant under Pa.R.Civil P. Rule 1144(a)(3) which provides: "The plaintiff shall name as defendants ... (3) the real owner of the property...."

Culp filed preliminary objections attacking the validity of service of the CBC complaint.[3] Thereafter Joel and Wilma Culp filed a writ to join IVB as an additional defendant. Appellants had the writ reinstated under Pa.R.Civil P. 1010 and, on March 6, 1979, sought to serve Kenneth A. Carobus, Esquire, attorney for IVB. Mr. Carobus refused to accept service.

On November 20, 1979, Judge Avrigian granted appellants leave to file a petition to join an additional defendant nunc pro tunc. Appellants filed such a petition but on July 10, 1980, the court below denied the petition to join an additional defendant and appellants now appeal.

In light of our disposition of this appeal, we need not consider appellants' argument that the third party defendant, IVB, had submitted to the jurisdiction of the court below by filing interrogatories to the merits of the litigation. *See O'Barto v. Glossers*, 228 Pa.Super. 201, 324 A.2d 474 (1974).

Pa.R.Civil P. 2253 provides as follows:

> Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

The leading case interpreting this rule, particularly as it applies to the instant action, is *Graham v. Greater Latrobe School District*, 436 Pa. 440, 260 A.2d 731 (1970). In that case, our Supreme Court held that Pa.R.Civil P. 2253 means that "... the praecipe or complaint must be filed within one of the following three periods: (1) within sixty days after service on the defendant of the plaintiff's complaint; (2) within sixty days after service on the defendant of an

---

**3.** The appellants' pleadings between March 23, 1979 and December 20, 1979 confuse the paths chosen by Robert and his parents, Joel and Wilma Culp. Robert, an attorney, chose to sign pleadings to which he was not a party.

amendment of the plaintiff's complaint; (3) within such greater time as may be allowed by the court upon cause shown." *Id.*, 436 Pa. at 443, 260 A.2d at 732. The thrust of the *Graham* decision, however, was to carve out an addition to the above-quoted interpretation, a "fourth" time period, when, an original defendant had filed preliminary objections to the original complaint. In that event, the sixty day period does not begin to run until the objections are ruled upon. *Id.*, 436 Pa. at 444, 260 A.2d at 733.

Appellants argue that since appellant Robert Culp filed preliminary objections attacking, inter alia, the validity of service of the original complaint, *Graham* should apply to its case. This would avoid the requirement, admittedly not met, that the praecipe for writ of summons against appellees be filed within sixty days of the service of the original complaint. We agree.

In *Graham*, the preliminary objections (based on sovereign immunity), if succesful, would be a complete bar to plaintiff's claim and eliminate any need to join an additional defendant. The decision in *Graham* recognizes that it would "make no sense to require a defendant to proceed as if the action will continue when he has before the court objections which, *if successful, will terminate the litigation.*" (Emphasis added) *Id.*, 436 Pa. at 444, 260 A.2d at 733.

█ Appellant Robert Culp was named as a defendant in the original complaint by CBC pursuant to Pa.R.Civil P. Rule 1144(a)(3). As the real owner of the property subject to this mortgage foreclosure, Robert Culp was a necessary party to this action. A person is a necessary and indispensable party only when his rights are so connected with the claims of the litigants that no decree can be made without impairing his rights. E.g. *Pocono Pines Corp. v. Pa. Game Commission*, 464 Pa. 17, 345 A.2d 709 (1975); *Powell v. Shepard*, 381 Pa. 405, 113 A.2d 261 (1955). It is clear that the lower court could not have granted relief without impairing the rights of Robert Culp, the real owner of the subject property. We agree, therefore, with the appellant and hold that where defendant files preliminary objections

which would terminate the litigation as to a necessary party the theory of *Graham* applies and the sixty day period for joinder does not begin to run until the objections are ruled upon.

Further, appellants Joel and Wilma Culp filed their petition to join an additional defendant on January 16, 1979. Appellants were unable to serve IVB within the thirty days after having the complaint reinstated on February 13, 1979 because Kenneth Carobus, attorney for IVB, refused to accept service of the third party complaint. On December 20, 1979, appellants, including Robert Culp, filed a petition to join an additional defendant after having been granted leave to do so by Judge Avrigian's order. Such a petition must allege some reasonable justification for the delay. *Desiderio v. R. & R. Tire Center, Inc.,* 242 Pa.Super. 135, 137, 363 A.2d 1197 (1976). Although appellants failed to serve the petition within sixty days of the service of the original complaint,[4] appellants did allege the reasonable justification of Mr. Carobus' refusal to accept service of the third party complaint as a reasonable justification for the delay. Therefore, the lower court acted improperly in denying the petition of all appellants to join an additional defendant nunc pro tunc.

For the foregoing reasons, the order of the court below is reversed.

LIPEZ, J., files dissenting statement.

LIPEZ, Judge, dissenting:

I dissent and would affirm for the reasons set forth by Judge Stanziani in his Memorandum and Order dated July 10, 1980 and his Supplemental Opinion dated October 1, 1980.

4. Joinder is permitted "as of course" if within sixty days of the service of the original complaint.