462 A.2d 861

KERRY COAL COMPANY,

v.

BECKWITH MACHINERY COMPANY

v.

CATERPILLAR TRACTOR CO. and Robert Grieff

v.

E.F. JOHNSON CO. and Leonard J. Schmader.

Appeal of Robert GRIEFF.

Superior Court of Pennsylvania.

Argued April 26, 1983.

Filed July 15, 1983.

Petition for Allowance of Appeal Denied Feb. 10, 1984.

196

Melinda E. Martin, Pittsburgh, for appellant.

Robert W. Murdoch, Pittsburgh, for appellees.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

ROWLEY, Judge:

This is an appeal by Robert Grieff (Grieff) from an order sustaining preliminary objections filed by E.F. Johnson Company (Johnson) and dismissing Johnson as an additional

defendant. Johnson challenged its joinder on the ground that Grieff had not complied with Pa.R.C.P. 2253. For the reasons discussed below, we are in agreement with both the trial court and appellee, and accordingly affirm.

The facts of this case involve the sale and purchase of a Caterpillar Tractor and the damage done to the same as a result of a fire of unknown origin. The fire originated in the cab of the tractor while it was being operated on March 25, 1976, by an employee of the plaintiff, Kerry Coal Company (Kerry Coal). Kerry Coal instituted suit in September of 1977 to recover the damages it had sustained, alleging strict liability on the part of Beckwith Machinery Company (Beckwith) for selling and supplying the tractor in a defective and dangerous condition. Beckwith, in turn, joined Caterpillar Tractor Company, the manufacturer of the tractor, and Grieff as additional defendants. Beckwith joined Grieff claiming that a two-way radio which Grieff had sold to Kerry Coal, and which had been installed in the cab of the tractor prior to March 25, 1976, was in a defective condition and unreasonably dangerous at the time of installation. In response to Beckwith's joinder, Grieff filed preliminary objections claiming lack of venue, and including therein a motion for a more specific pleading. Grieff's preliminary objections were dismissed on January 31, 1979, and Grieff was directed to "plead over within thirty (30) days from the date" of the order. On February 20, 1979, Grieff, without leave of court, joined as additional defendants, Johnson, the manufacturer of the radio, and Leonard J. Schmader, the individual who had installed the radio in the tractor cab. Johnson filed preliminary objections in the nature of a motion to strike on the ground that Grieff's joinder of Johnson as an additional defendant was not accomplished in conformity with the rules of civil procedure and was not timely filed under Pa.R.C.P. 2253. The trial court sustained Johnson's preliminary objections, and this appeal followed.

Pa.R.C.P. 2253 provides as follows:

Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days *after the service upon the original defendant of the initial pleading of the plaintiff* or any amendment thereof unless such filing is allowed by the court upon cause shown. (Emphasis supplied)

On appeal Grieff contends that his joinder of Johnson was timely filed, and that he was not in violation of Pa.R.C.P. 2253. In support thereof, Grieff first argues that the trial court's order of January 31, 1979, gave him the right to "plead over" which included the right to join additional defendants without leave of court. Grieff's second argument is that the rule announced in *Graham v. Greater Latrobe School District*, 436 Pa. 440, 260 A.2d 731 (1970) is applicable and that, consequently, he had sixty days from the date *his* preliminary objections were overruled to join additional defendants without leave of court. Neither argument is persuasive.

■ The fact that the trial court granted Grieff the right to "plead over" cannot be construed as authorizing the joinder of additional defendants for "cause shown." Grieff's first argument, therefore, is without merit. As for Grieff's second argument, the exception to Pa.R.C.P. 2253 carved out in *Graham, supra,* is not applicable to the facts of this case. *Graham* is only applicable when the preliminary objections are filed by the *original* defendant and, if successful, would result in the filing of an amended complaint by the plaintiff or in the action being dismissed. *Compare Commercial Banking Corp. v. Culp*, 297 Pa.Super. 344, 443 A.2d 1154 (1982) (original defendant's filing of preliminary objections delayed running of sixty-day period for joinder of additional defendants until preliminary objections were ruled upon where such objections, if successful, would have terminated litigation as to a necessary party); *Pennsylvania Gas & Water Company v. Lisbon Contractors*, 288 Pa.Super. 267, 431 A.2d 1041 (1981) (original

defendant's filing of demurrer did not delay running of sixty-day period for joinder of additional defendants until preliminary objections were ruled upon where the demurrer, which challenged only one of two counts of the complaint, would not have terminated litigation even if successful). Grieff is not an original defendant. The exception found in *Graham* has never been extended to preliminary objections filed by additional defendants. We see no reason to extend it now. Grieff's preliminary objections, even if successful, would not have resulted in the dismissal of the action or the filing of an amended complaint by the plaintiff. Because *Graham* sets forth an exception to the plain language of Pa.R.C.P. 2253, it should be strictly limited to the circumstances found therein. The procedural background required to implement the *Graham* exception is not present in this case.

Order affirmed.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

I dissent from the majority's restrictive interpretation of our rules of civil procedure which deprives an additional defendant of the opportunity to join other defendants.

According to the majority, Robert Grieff, the second additional defendant, erred when he attempted to join as additional defendants, E.F. Johnson Company, the manufacturer of the radio. The majority bases its decision on Pa.R.C.P. 2253. In this writer's view, the majority overlooks a basic principle. That is, the rules of civil procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable."

To begin with, Pa.R.C.P. 2253 must be read in conjunction with Rule 2252 which provides in pertinent part:

"(a) In any action the *defendant or any additional defendant may, as the joining party, join as an additional defendant* any other person whether or not a

party to the action who may be alone liable or liable over him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." (emphasis added).

Thus, Rule 2252(a) "gives a defendant the right to join additional defendant[s]." *Del Boring Tire Service v. Barr Machine, Inc.,* 285 Pa.Super. 66, 73, 426 A.2d 1143, 1147 (1981), petition for allowance of appeal denied June 2, 1981. The time period which governs this right is set forth in Pa.R.C.P. 2253 which provides:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

In the instant case, the complaint of Kerry Coal Company was filed on October 5, 1977. However, service was not effectuated until October 31, 1977. On February 17, 1978, Beckwith Machinery Company filed a praecipe for a writ, and a writ was issued on February 16th by the Prothonotary of the Court of Common Pleas of Allegheny County. Then on June 2, 1978, Beckwith filed a "PETITION FOR LEAVE TO JOIN ADDITIONAL DEFENDANT OUT OF TIME", which was granted on June 2, 1978. At this time, appellant became an additional defendant to the lawsuit. Praecipes to issue and reissue writs of summons were also issued to appellant. At this stage in the proceedings, Beckwith obtained new counsel who then filed a *complaint* to join Robert Grieff as an additional defendant on November 17, 1978. Appellant then filed preliminary objections, on December 6, 1978. The court denied appellant's preliminary objections in an order which read:

"AND NOW, TO WIT, this 31st day of January, 1979, it is hereby ORDERED, ADJUDGED AND DECREED that the preliminary objections of Robert Grieff to the Complaint of Original Defendant Beckwith Machinery Company Against Additional Defendant Robert Grieff are overruled. Additional Defendant Robert Grieff shall plead over within thirty (30) days from the date hereof."

On February 20, 1979, appellant filed the complaint which forms the basis of the instant appeal, joining appellee, E.F. Johnson Company, and Leonard J. Schmader. Appellee filed preliminary objections in the nature of a motion to strike because "more than 60 days have elapsed since the initial service of the Complaint and more than 60 days elapsed since the service of the Complaint on Robert Grieff and that Robert Grieff to date has failed to get authorization from the court to serve this additional defendant out of time as provided by the Rules of Civil Procedure of the Commonwealth of Pennsylvania. "PRELIMINARY OBJECTIONS IN THE FORM OF A MOTION TO STRIKE" Allegation # 6. The trial court sustained appellee's preliminary objections on March 24, 1980, and this appeal followed.

Although more than sixty days had elapsed either from the date service of the original complaint was made upon the original defendant or from the date that appellant was served with a copy of the complaint to join him as an additional defendant, in this writer's view, the language of Rule 2253 is not to be read literally because our Supreme Court has said that "Rule 2253 does not explicitly cover the situation of the joinder of additional defendants when the original defendant has filed preliminary objections to the complaint." *Graham v. Greater Latrobe School District,* 436 Pa. 440, 443, 260 A.2d 731, 733 (1970). The reason for refusing to apply the 60-day time limit strictly is because "[i]f the objections are sustained, no problem will arise, however, for either the action will be dismissed or an amended complaint will be filed after which a sixty day period begins. When the objections are overruled, as here, reason and policy require that the defendant be given sixty

days to join additional defendants." *Id.*, 436 Pa. at 443, 260 A.2d at 733.

Simply stated,

" '. . . [I]t makes no sense to require the defendant to proceed as if the action will continue [by joining additional defendants] when he has before the court objections which, if successful, will terminate the litigation. . . .' " *Del Boring Tire Service v. Barr Machine, Inc.*, 285 Pa.Super. at 73, 426 A.2d at 1147. (quoting *Graham v. Greater Latrobe School District, supra* ).

To allow the original defendant 60 days to join additional defendants from the date preliminary objections are overruled, on the one hand, and to deny that same opportunity to those additional defendants, who quite fortuitously, were joined subsequently in the lawsuit scenario, on the other hand, is to exalt form over substance.

The majority's explanation for stripping appellant of an opportunity to join additional defendants is because:

"Grieff is not an original defendant. The exception found in *Graham* has never been extended to preliminary objections filed by additional defendants. We see no reason to extend it now. Grieff's preliminary objections, even if successful, would not have resulted in the dismissal of the action or the filing of an amended complaint by the *plaintiff.* Because *Graham* sets forth an exception to the plain language of Pa.R.C.P. 2253, it should be strictly limited to the circumstances found therein. The procedural background required to implement the *Graham* exception is not present in this case." At 199. (Emphasis added).

The clear implication from the majority is that had Grieff been the first and original defendant, he could have joined other defendants. However, because he is not, he loses. Concomitantly, because the *plaintiff's* complaint would not have been dismissed or amended even if Grieff's preliminary objections were successful, *Graham* is inapplicable.

This writer considers the *Graham* principle applicable irrespective of whether the complaint at issue is being filed by the original "plaintiff" or a third party, fourth party, or fifth party "plaintiff". In fact, we have said that the purpose of a court's ruling on preliminary objections is "to test at an early stage a *pleading's* validity." *Del Boring Tire Service v. Barr Machine, Inc.*, 285 Pa.Super. at 73, 426 A.2d at 1147 (emphasis added). The dispositive question should be whether a ruling on the party's preliminary objections, if successful, would terminate that complaint period.

The application of the *Graham* principle which this author adopts is consistent with a liberal construction of our rules of civil procedure, as interpreted by our Supreme Court. Until *Graham* is overruled, we should recognize that "[t]he thrust of the *Graham* decision, however, was to carve out an exception ..., a 'fourth' time period", to Rule 2253. *Pa. Gas and Water Company v. Lisbon Contractors, Inc.*, 288 Pa.Super. 267, 269, 431 A.2d 1041, 1042 (1981). Hence, I must dissent from the majority's decision that *Graham* "should be strictly limited to the circumstances found therein." At 199.