497 A.2d 661

**Richard F. KOVALESKY**

v.

**ESTHER WILLIAMS SWIMMING POOLS, c/o P & M Distributors and Aluminum Shapes, Inc. and Donald A. Cerene and Lawrence Becker and Robert Laughlin.**

**Appeal of ALUMINUM SHAPES, INC. and Esther Williams Swimming Pools.**

**Robert P. KOVALESKY**

v.

**ESTHER WILLIAMS SWIMMING POOLS, c/o P & M Distributors and Aluminum Shapes, Inc. and Donald A. Cerene and Lawrence Becker, and Robert Laughlin.**

**Appeal of Donald A. CERENE and Lawrence Becker.**

Superior Court of Pennsylvania.

Argued April 2, 1985.

Decided July 5, 1985.

Rehearing Denied Sept. 13, 1985.

Pamela B. Gagne, Philadelphia, for appellant (at 2855), for appellee, (at 2868).

Joseph H. Jones, Pottsville, for appellee, Laughlin.

John W. Ashley, Allentown, for appellant (at 2868).

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

■ These appeals are from the lower court's October 12, 1984 order (1) refusing and dismissing the motion of defendants, Donald A. Cerene and Lawrence Becker (Cerene and Becker), for leave to join an additional defendant *nunc pro tunc;* and (2) refusing and dismissing the motion of defendants, Esther Williams Swimming Pools, c/o P & M Distributors (Esther Williams), and Aluminum Shapes, Inc. (Aluminum Shapes), for leave to join an additional defendant *nunc pro tunc.*[1] For the reasons stated herein, we affirm.

On June 27, 1982, plaintiff Richard P. Kovalesky (Kovalesky) fell into a swimming pool on premises jointly owned by defendants, Cerene and Becker, and, as a result of injuries suffered in the fall, became a quadraplegic. Consequently, on July 21, 1983, in the Philadelphia Court of Common Pleas, Kovalesky filed a complaint in trespass and assumpsit against Cerene, Becker, Esther Williams, and Aluminum Shapes, alleging negligence and breach of warranties. On August 24, 1983, Cerene and Becker filed preliminary objections to the complaint in the nature of a motion for transfer of venue. On September 13, 1983, Esther Williams and Aluminum Shapes also filed preliminary objections in the nature of a motion for transfer of venue. On November 23, 1983, Cerene and Becker filed a praecipe for writ to join

---

1. An order denying a petition for *nunc pro tunc* joinder of an additional party is a final order and appealable. *Commercial Banking Corp. v. Culp,* 297 Pa. Superior Ct. 344, 346, 443 A.2d 1154, 1155 (1982).

Robert Laughlin (Laughlin) as an additional defendant.[2] It is undisputed that this praecipe for writ was never served upon Laughlin. On November 29, 1983, the Philadelphia Court of Common Pleas, per Judge White, upon consideration of the preliminary objections of all defendants, ordered the matter transferred to the Schuylkill County Court of Common Pleas. Pursuant to this order, the records were transferred to Schuylkill County on February 7, 1984.

On February 21, 1984, in the Schuylkill Court of Common Pleas, Esther Williams and Aluminum Shapes filed their answer and new matter to plaintiff's complaint. The new matter included a cross-claim against Laughlin as an additional defendant. On February 27, Cerene and Becker filed (1) a reply to the new matter raised by Esther Williams and Aluminum Shapes; (2) an answer, new matter and cross-claim (against Esther Williams and Aluminum Shapes) to plaintiff's complaint; and (3) a complaint against Laughlin as an additional defendant. On March 7, 1984, Esther Williams and Aluminum Shapes filed an answer to Cerene and Becker's cross-claim. Then, on March 19, Laughlin filed preliminary objections in the nature of a motion to strike (1) the November 23, 1983 praecipe for writ to join him as an additional defendant filed by Cerene and Becker, (2) the February 21, 1984 cross-claim filed by Esther Williams and Aluminum Shapes, and (3) the February 27, 1984 complaint joining him as an additional defendant filed by Cerene and Becker. In the motion to strike, Laughlin alleged that the praecipe had been untimely filed in violation of Pa.R.Civ.P. 2253.

Subsequently, on March 28, 1984, Esther Williams and Aluminum Shapes filed a motion for leave to join Laughlin as an additional defendant *nunc pro tunc.* On April 25, Cerene and Becker also filed a motion for leave to join Laughlin as an additional defendant *nunc pro tunc.*

---

**2.** Laughlin was present at the scene of the accident and, accordingly to appellants, engaged in boisterous conduct and "roughhousing" with plaintiff in the pool.

Pursuant to a June 29, 1984 order, filed July 2, the lower court, per Judge Dolbin, sustained Laughlin's preliminary objections in the nature of a motion to strike. No appeal was taken from this order.

On October 12, 1984, the lower court, per Judge Lavelle, entered an opinion and order refusing and dismissing both motions for leave to join an additional defendant *nunc pro tunc*. Subsequently, Esther Williams and Aluminum Shapes filed their appeal on October 24, 1984; Cerene and Becker filed their appeal on October 26.[3] On October 31, Cerene and Becker filed a statement of matters complained of on the appeal pursuant to Pa.R.A.P. 1925(b), which Laughlin answered on November 2, 1984. On November 8, Esther Williams and Aluminum Shapes filed their 1925(b) statement.

Rule 2252 of the Pennsylvania Rules of Civil Procedure provides that:

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

(b) If the person sought to be joined is not a party to the action the joining party may file as of course a praecipe for a writ or a complaint. If the joinder is by writ the joining party shall file his complaint within twenty (20) days from the filing of the praecipe for the writ. The complaint, in the manner and form required of the initial pleading of the plaintiff in the action, shall set

3. The appeal filed by Esther Williams and Aluminum Shapes was docketed in the Superior Court at No. 2855 Philadelphia 1984. The appeal filed by Cerene and Becker was docketed at No. 2868 Philadelphia 1984.

forth the facts relied upon to establish the liability of the joined party and the relief demanded.

Rule 2253 sets forth the time limitation for joinder of an additional defendant, as follows:

> Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof *unless such filing is allowed by the court upon cause shown.*

Pa.R.Civ.P. 2253 (emphasis added).

## I. Appeal of Cerene and Becker

Here, the record reveals that appellants, Cerene and Becker, filed their praecipe for writ to join Laughlin as an additional defendant approximately four months after service of the complaint upon them in violation of Rule 2253. Appellants contend, however, that just cause existed for the late joinder because they believed that the filing of the preliminary objections challenging the venue of the Philadelphia court tolled the running of the sixty-day period. In support of this contention, they cite *Graham v. Greater Latrobe School District*, 436 Pa. 440, 260 A.2d 731 (1970), and *DiCarlo v. Vincent A. Nese Construction Co., Inc.*, 16 D. & C.3d 573 (Allegheny Co. 1980). In *Graham,* our Supreme Court held that the defendant had sixty days from the date its preliminary objections were overruled to join any additional defendants. It reasoned that:

> Rule 2253 does not explicitly cover the situation of the joinder of additional defendants when the original defendant has filed preliminary objections to the complaint. If the objections are sustained, no problem will arise, however, for either the action will be dismissed or an amended complaint will be filed after which a sixty day period begins. When the objections are overruled, as here, reason and policy require that the defendant be given sixty days to join additional defendants. Preliminary

objections attack the validity of the pleading, and until those objections are overruled, a court has not determined that the plaintiff has filed a valid complaint. Applying that reasoning to time periods (1) and (2) [within 60 days after service on the defendant of the plaintiff's complaint or of an amendment to plaintiff's complaint], the most reasonable construction of Rule 2253 would be that the defendant has sixty days from the time it is determined that plaintiff has filed a valid complaint. If no preliminary objections are filed, that will be the date of the filing of the complaint. If they are filed, that will be the date they are overruled. Also, it makes no sense to require the defendant to proceed as if the action will continue when he has before the court objections which, if successful, will terminate the litigation. No reasons of policy require that he follow these inconsistent paths at the same time.

436 Pa. 440, 444, 260 A.2d 731, 733 (1970). In *DiCarlo*, the Allegheny Court of Common Pleas extended the *Graham* ruling to cover preliminary objections which would not have terminated the litigation if sustained.

We find that *Graham* is distinguishable from the instant case and that *DiCarlo* is not binding on this Court. Our position is supported by *Kerry Coal Co. v. Beckwith Machinery Co.*, 316 Pa. Superior Ct. 195, 462 A.2d 861 (1983). In that case, this Court held that the joining defendant did *not* have sixty days from the date his preliminary objections (claiming lack of venue and including a motion for a more specific pleading) were overruled to join an additional defendant without leave of court, stating: *"Graham* is only applicable when the preliminary objections are filed by the original defendant and, if successful, would result in the filing of an amended complaint by the plaintiff or in the action being dismissed." *Id.*, 316 Pa.Superior Ct. at 198, 462 A.2d at 863 (emphasis deleted). *See also Commercial Banking Corp. v. Culp*, 297 Pa. Superior Ct. 344, 348–49, 443 A.2d 1154, 1156 (1982) ("[W]here defendant files preliminary objections which would terminate the litigation as to a

necessary party the theory of *Graham* applies and the sixty day period for joinder does not begin to run until the objections are ruled upon"); *Pennsylvania Gas and Water Co. v. Lisbon Contractors, Inc.*, 288 Pa. Superior Ct. 267, 270, 431 A.2d 1041, 1042 (1981) ("[W]here an original defendant files preliminary objections [in the nature of a demurrer] to less than all counts of a multi-count complaint, *Graham* does not apply and the sixty day period for joinder of additional defendants goes forward as usual"; demurrer challenging only one of two counts of complaint would not have terminated the litigation even if successful, and parties sought to be joined were necessary parties to both counts of the complaint).

In the instant case, the preliminary objections in question only challenged venue and, if sustained, would *not* have terminated the litigation. Therefore, *Graham* does not apply and the sixty-day period lapsed prior to appellants' filing of the praecipe for writ to join an additional defendant. Thus, we must determine whether the lower court erred in refusing to allow Cerene and Becker an extension of time within which to join Laughlin.

Under Rule 2253, leave of court must be sought, upon cause shown, to secure joinder of an additional defendant after the expiration of the sixty-day period prescribed for such joinder. *Zakian v. Liljestrand*, 438 Pa. 249, 255, 264 A.2d 638, 641 (1970); *Coppage v. Smith*, 381 Pa. 400, 403–04, 113 A.2d 247, 249–50 (1955). The defendant's petition seeking an extension of time to join an additional defendant must contain:

(1) some reasonable justification or excuse for the delay; (2) a statement of the facts alleged to render the proposed additional defendant alone liable, or liable with, or liable over to defendant, or liable to the defendant on a proper cross claim; *and* (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant. It should ask for leave to file both the praecipe and the complaint called for by Rule 2252(b).

Goodrich-Amram 2d § 2253:3.1 at 108 (1977) (footnotes omitted) (emphasis added); *see also Farmer v. General Refractories Co.*, 271 Pa. Superior Ct. 349, 352, 413 A.2d 701, 702 (1979).[4] Whether there is "cause shown" for the allowance of an extension of time for the joinder of an additional defendant is a matter within the discretion of the lower court, and its decision will not be reversed absent an abuse of discretion. *Zakian v. Liljestrand, supra* 438 Pa. at 255, 264 A.2d at 641; *Marnell v. Cross*, 372 Pa. 82, 83–84, 92 A.2d 688, 689 (1953); *Farmer v. General Refractories Co., supra* 271 Pa.Super. at 352, 413 A.2d at 702; *Welch Foods, Inc. v. Bishopric Products Co.*, 254 Pa. Superior Ct. 256, 259, 385 A.2d 1007, 1008 (1978); *Desiderio v. R & R Tire Center, Inc.*, 242 Pa. Superior Ct. 135, 137, 363 A.2d 1197, 1198 (1976); *Lamoree v. Penn Central Transportation Co.*, 238 Pa. Superior Ct. 380, 384, 357 A.2d 595, 597 (1976).

■ Additionally, "the burden of demonstrating sufficient cause to allow the unseasonable joinder rest[s] with defendant." *Welch Foods, Inc. v. Bishopric Products Co., supra* 254 Pa.Super. at 258–59, 385 A.2d at 1008; *accord Coopers & Lybrand v. Penn State Mutual Insurance Co.*, 32 Pa. Commonwealth Ct. 435, 438, 379 A.2d 901, 903 (1977). In determining what is sufficient cause for an extension of time for joinder of an additional defendant, courts

should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60–day limitation was placed on its unrestricted use. In a capsule, these rules

---

**4.** All four appellants correctly point out that Cerene and Becker's complaint against Laughlin was incorporated by reference in their motions to join an additional defendant *nunc pro tunc.* Thus, we find that the lower court erroneously found that the motions failed to include allegations which would render the proposed additional defendant alone liable, liable with, liable over to the defendants, or liable to the defendants on a proper cross-claim. Additionally, appellants alleged that the late joinder would not be prejudicial to the proposed additional defendant. However, as our opinion discusses, we find that appellants have failed to satisfy the remaining criterion, namely, that they demonstrate reasonable justification or excuse for the delay.

were an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties ... without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation.

*Zakian v. Liljestrand, supra* 438 Pa. at 256, 264 A.2d at 641 (citation omitted). *See also Coppage v. Smith, supra* 381 Pa. at 405, 113 A.2d at 250 (procedural rules should "be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable"); *Ianni v. Pantalone,* 238 Pa. Superior Ct. 548, 553, 361 A.2d 772, 774 (1976) (procedural rules governing third party procedure should "be construed to accomplish the purpose of '[avoiding] multiplicity of suits by adjudicating in one suit the rights and liabilities of all of the parties to a single transaction which constitutes the cause of action' ...."); *Martinelli v. Mulloy,* 223 Pa. Superior Ct. 130, 135, 299 A.2d 19, 21 (1972) (Rule 2252(a) should be broadly interpreted "not only to compel every interested person to defend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution").

▆ Moreover, the length of the delay in joining an additional defendant is not, in and of itself, determinative of whether or not joinder should be allowed; rather, "[t]he length of the delay must be viewed in the context of the particular case." *Zakian v. Liljestrand, supra* 438 Pa. at 256, 264 A.2d at 642; *Welch Foods, Inc. v. Bishopric Products Co., supra* 254 Pa.Super. at 259, 385 A.2d at 1008; *Lamoree v. Penn Central Transportation Co., supra* 238 Pa.Super. at 384, 357 A.2d at 597.

Here, Cerene and Becker contend that they did try to join Laughlin as an additional defendant within a relatively short period of time after the complaint was served, and that it was not until a significant time period later that the lower court determined that the initial filing of the praecipe

was improper. They assert that the delay was due to the unexplained failure of the praecipe for writ to be served on Laughlin, and that they received notice of this failure only when Laughlin filed preliminary objections to the joinder complaint approximately four months later. They also argue that procedural defects should be disregarded when the substantial rights of the parties are not affected, and that this Court should liberally construe the procedural rules so as to avoid a multiplicity of suits.

After careful scrutiny, we find that the arguments presented by Cerene and Becker to justify the late joinder constitute nothing more than a "house of cards." These arguments are premised upon appellants' initial assertion that they reasonably believed that, once the preliminary objections challenging venue were filed, the sixty-day period of Rule 2253 was tolled. As we have already discussed, however, this belief was unfounded. *See Kerry Coal Co. v. Beckwith Machinery Co.*, *supra; Pennsylvania Gas and Water Co. v. Lisbon Contractors, Inc.*, *supra.* Thus, appellants had no excuse for failing to join Laughlin within the required sixty-day period. *See Moore v. Howard P. Foley Co.*, 235 Pa. Superior Ct. 310, 318, 340 A.2d 519, 522 (1975) (inadvertence of counsel is not sufficient justification for delay in joining an additional defendant); *Kearney's Account*, 136 Pa. Superior Ct. 78, 82, 7 A.2d 159, 161 (1939) (ignorance of the law is no excuse because everyone is presumed to know the law). Appellants' additional reasons for the delay, namely, failure of the praecipe for writ to be served and the transfer of the case to another county, concern the period of time following the expiration of the sixty-day period and, thus, do not constitute good cause for the initial untimely joinder. Cerene and Becker were both present at the time of Kovalesky's accident and were therefore aware of Laughlin's involvement. Yet, they did not file the praecipe for writ to join Laughlin as an additional defendant until almost four months after service of the complaint upon them. Additionally, their motion for *nunc pro tunc* joinder was not filed until approximately five

months after the filing of the praecipe for writ. Under these circumstances, we do not believe that Cerene and Becker acted expeditiously. "Before the defendant can ask the Court to help *him* secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself." *Zakian v. Liljestrand, supra* 438 Pa. at 258, 264 A.2d at 642 (emphasis in original); *Coopers & Lybrand v. Penn State Mutual Insurance Co., supra* 32 Pa.Commonwealth at 439, 379 A.2d at 903 (emphasis in original).

Although we bear in mind that the procedural rules should be construed so as to avoid a multiplicity of suits, the burden is upon the *defendants* to justify their delay in joining the proposed additional defendant. Here, we find that appellants failed to satisfy their burden of demonstrating sufficient cause to allow the unseasonable joinder. Therefore, we affirm that part of the October 12, 1984 order dismissing the motion of Cerene and Becker for leave to join an additional defendant *nunc pro tunc.*

## II. Appeal of Esther Williams and Aluminum Shapes

Having found that Cerene and Becker's praecipe for writ to join Laughlin as an additional defendant was untimely filed under the rules of civil procedure, we must now determine whether the lower court properly denied the request of appellants Esther Williams and Aluminum Shapes, for late joinder. Appellants contend that they received no notice of the basis of Cerene and Becker's assertions of liability against Laughlin until Cerene and Becker filed their answers to plaintiff's request for the production of witness statements on February 7, 1984. Appellants then raised their claim against Laughlin in their answer and new matter filed on February 21, 1984. At that time, they believed that Laughlin had been properly joined by Cerene and Becker through the latter's filing of the praecipe for writ. Appellants also claim that they could not have filed their answer and new matter earlier because the case was transferred from Philadelphia to Schuylkill County. Then, upon receiving notice of the defective service of

the praecipe for writ, appellants promptly filed a motion for leave to join Laughlin *nunc pro tunc.*

We find that appellants' reasons for their delay in joining Laughlin are inadequate. Even assuming that Esther Williams and Aluminum Shapes did not know of the defective service of the praecipe for writ of joinder upon Laughlin until Laughlin filed his preliminary objections on March 19, 1984, they should have known that this praecipe was filed after the expiration of the sixty-day period in violation of Rule 2253. Thus, their reliance upon the praecipe joinder in asserting their cross-claim against Laughlin was unjustified. Additionally, appellants' arguments sidestep the fact that they themselves failed to join Laughlin within the sixty days following service of the complaint. Appellants' only profferred excuse is that they were unaware of Laughlin's possible liability. Appellants apparently failed to conduct their own investigation as to the cause of the accident and the potential liability of other persons. This Court has upheld an order refusing to permit joinder of an additional defendant where "the failure to effect a timely joinder was attributable to defendant's failure to conduct an adequate investigation." *Welch Foods, Inc. v. Bishopric Products Co., supra* 254 Pa.Super. at 261, 385 A.2d at 1009. Here, appellants could have acted promptly after receiving the complaint, *e.g.,* by taking the depositions of their co-defendants, Cerene and Becker, and thereby discovered the existence and potential liability of Laughlin. Instead, they let the sixty-day period lapse and only asserted a claim against Laughlin after Cerene and Becker belatedly filed a praecipe for writ of joinder. Although we seek to avoid a multiplicity of suits, the procedural rules have been promulgated for a purpose and should not be ignored. Parties should not be encouraged to disregard time limitations in favor of relying upon the grace of the court.

Therefore, under the circumstances of this case, we do not believe that appellants have met their burden of demonstrating sufficient cause to justify the delay. Therefore, we also affirm that part of the October 12, 1984 order dismiss-

ing the motion of Esther Williams and Aluminum Shapes for leave to join an additional defendant *nunc pro tunc.*

Accordingly, we hold that the lower court did not abuse its discretion in entering the order below.[5]

Affirmed.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I respectfully dissent. After reviewing the record and the briefs in this case, I would find that the defendants have reasonably explained their delay in seeking to join additional defendant Laughlin. Accordingly, I would conclude that the lower court abused its discretion in refusing to grant leave to join the additional defendant *nunc pro tunc.*

---

**5.** It is well-settled that:

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result or partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Mielcuszny v. Rosol,* 317 Pa. 91, 93–94, 176 A. 236, 237 (1934).