**Pocono Mountain Regional Police Comm'n v. L.R. Costanzo Co., Inc.**

*Harry T. Coleman,* for plaintiff.
*Bruce L. Coyer,* for defendant.
*Nicholas Noel, Benjamin A. Nicolosi* and *Megan P. Maguire,* for additional defendants.

SIBUM, *J.,* January 27, 2011—This action comes before the court on additional defendant Arthur J. McHale Heating and Air Conditioning Company, Inc.'s (McHale) preliminary objections to original defendant L.R. Costanzo Company Inc.'s (Costanzo) amended joinder complaint. A brief history of the case is as follows:

Plaintiff, Pocono Mountain Regional Police Commission (PMRPC), and general contractor Costanzo entered into a written contract on August 31, 2001 for the construction of a new police headquarters including the creation of a roofing system. Plaintiff filed a complaint against Costanzo on September 28, 2009 for breach of

contract, breach of warranty, breach of duty of good faith and fair dealing, and negligence in regards to defects discovered after the construction of the police department's new roofing system. Plaintiff alleges Costanzo, as general contractor, was liable to plaintiff for failing to provide an acceptable, leak-proof, structurally sound, and non-defective roof system. Costanzo filed a petition for leave to join additional defendants on June 8, 2010. By order dated June 11, 2010, the petition was granted and G. & Albert Consultants, P.C., Murray Jay Miller Architecture, and Arthur J. McHale Heating and Air Conditioning Company, Inc. were named as additional defendants. Costanzo filed its joinder complaint on June 23, 2010, and additional defendant Murray Jay Miller Architecture (Miller Architecture) filed preliminary objections on September 13, 2010. Costanzo then filed a three-count amended joinder complaint on September 22, 2010, rendering Miller Architecture's preliminary objections moot.

In count III of the amended joinder complaint, Costanzo claims that McHale was retained by plaintiff as prime contractor responsible for the installation of the heating, ventilation and air conditioning system in the construction project. Costanzo alleges that McHale's work was not performed in a timely manner which caused the building to be enclosed without an operable air conditioning system. As a result, Costanzo claims the delay contributed to an increased moisture problem throughout the entire building. Furthermore, Costanzo argues that McHale installed duct work in the attic instead of above the corridor ceiling as specified in the construction project's plans and specifications. Therefore, Costanzo contends McHale's

failure to comply with the plans and specifications resulted in the damage to the building. Costanzo also avers that each of the additional defendants are solely liable to the plaintiff, or, in the alternative, the additional defendants are jointly and severally liable to Costanzo or liable over to Costanzo by way of contribution and/or indemnification.

Additional defendant McHale then filed preliminary objections on October 13, 2010 arguing the untimely filing of the amended joinder complaint by Costanzo. Only Costanzo, McHale and Miller Architecture filed briefs in accordance with the local rules of court, yet counsel for all parties argued their respective positions before the court on December 6, 2010. We are now prepared to decide this matter.

## DISCUSSION

McHale first argues that they were prejudiced when they were joined in excess of the sixty day limit imposed by Pennsylvania Rule of Civil Procedure §2253. Specifically, McHale maintains that the contract at issue was entered into by plaintiff and defendant Costanzo more than nine years ago and therefore, memories of the witnesses may have faded, discovery may have already been commenced to prejudice McHale, and evidence may no longer exist which could exonerate McHale. Therefore, McHale requests this court dismiss the amended joinder complaint.

Pennsylvania Rule of Civil Procedure §2253, relating to time for filing a joinder complaint to join additional defendants, provides in part as follows:

(a) Except as provided by Rule 1041.1(e) [asbestos litigation], neither a praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed later than (1)

(1) sixty days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof, or

(2) the time for filing the joining party's answer as established by Rule 1026, Rule 1028 or order of court,

whichever is later, unless such filing is allowed by order of the court or by the written consent of all parties approved by and filed with the court. Pa.R.C.P. §2253(a). The rule also provides that while only the plaintiff may object to joinder on the ground that the joining party has not shown a reasonable justification for its delay in commencing the proceeding, "any person not previously a party who is joined as an additional defendant may object to the joinder by filing preliminary objections asserting prejudice or any other ground set forth in Rule 1028." Pa.R.C.P. §2253(b), (c).

Recent amendments to Pa.R.C.P. §2253 seem to abridge the requirements put forth in *Kovalesky v. Esther Williams Swimming Pools*, 497 A.2d 661 (Pa. Super. 1985), which stated that a petition for late joinder by an original defendant must contain:

(1) some reasonable justification or excuse for the

delay;

(2) a statement of the facts alleged to render the proposed additional defendant alone liable, or liable with, or liable over to defendant, or liable to the defendant on a proper cross claim; *and* (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant. *Kovalesky*, 497 A.2d at 665 (emphasis added).

Specifically, the amended rule seems to indicate that the burden to show cause before the court can issue an order to join a party after the sixty day limit no longer exists, and that the matter is within the discretion of the court. However, this amendment to the rules does not countermand *Prime Properties Development v. Binns*, 580 A.2d 405 (Pa. Super. 1990), which held that a late joined party may still challenge their joinder by filing preliminary objections to the joinder complaint, since the initial procedure involves only the parties of record at the time. In fact, the rule specifically states that a late joined party may object on the grounds of prejudice. Pa.R.C.P. §2253(c).

In this case, plaintiff filed its complaint on September 28, 2009 and later filed a praecipe to reinstate complaint on November 13, 2009. A copy of the pleading was served by original process on defendant Costanzo on November 30, 2009. Costanzo filed its joinder complaint on June 23, 2010, a period of almost seven months after service of plaintiff's complaint. Costanzo later filed an amended joinder complaint on September 22, 2010, a date of almost ten months from the date of service of plaintiff's complaint.

From the clear language of the rules, Rule 2253 expressly provides sixty days from the date of service of the original complaint to file a joinder complaint and does not provide for a delay in filing. Neither joinder complaint was filed within the sixty day period and McHale asserts that they are prejudiced by this delay. Although Costanzo did not join McHale in a timely manner as required by the rules of civil procedure, we do not find that McHale has been prejudiced by the late joinder.

The court may allow late joinder upon a showing that no prejudice exists against the party being joined. Upon review of the record and arguments presented by counsel at oral argument, we do not find any prejudice to McHale. In this case, after the filing of plaintiff's complaint, the parties attempted to negotiate a settlement of this matter without further litigation. The parties notified and invited McHale to participate in the negotiations, but McHale did not. The parties have not yet begun the discovery process or retained expert witnesses. There have been no depositions taken or discovery deadlines set. We therefore find that McHale will not be prejudiced by this late joinder.

In reaching our decision, we are cognizant of this court's decision in the matter of *Henning v. Great Wolf Lodge of the Poconos, LLC, et al.*, 5437 Civil 2007, (opinion filed September 9, 2009), but find the instant case distinguishable.

In *Henning*, the Honorable Linda Wallach Miller of this court held that a twelve month delay in filing a joinder complaint substantially disadvantages an additional defendant in its investigation of the case as well as its

ability to duplicate all conducted discovery. Judge Miller explained:

> We have already granted a motion by plaintiff to compel defendant Kraemer Brothers to respond to discovery requests. This indicates that not only discovery is well underway, but that the plaintiffs are ready to proceed and are waiting on Kraemer Brothers. To add another defendant that may require extended time for discovery would be prejudicial to both parties. We ordered in May that discovery deadlines be set on a staggered schedule, with the first deadline set for November 30, 2009, and with expert reports due on January 30, 2009. While other parties to this action have already had months since that order to find experts and have those experts prepare reports, [additional defendant] Floor Systems Northeast would be facing a hard deadline with not even half the amount of time in which to comply. If we permit this late joinder, additional defendant will suffer prejudice in that it would be denied the proper opportunity to conduct early discovery, enlist experts, assemble evidence and research and prepare for trial in light of these deadlines.

Here, the facts of our case are clearly distinguishable. Unlike the parties in *Henning*, the parties here have not expended any time finding experts or having experts prepare reports. There have been no discovery deadlines set nor will McHale be denied the proper opportunity to conduct early discovery, enlist experts, assemble evidence or research and prepare for trial since none of the parties have taken this opportunity yet. We therefore find that

McHale will not be prejudiced by this late joinder and shall deny McHale's preliminary objection.

McHale further contends in its preliminary objections that the four-year statute of limitations has expired, thus requiring the joinder complaint be dismissed. Specifically, McHale argues that it cannot be solely liable to plaintiff as alleged in paragraph 32[1] of Costanzo's amended joinder complaint since the joinder had been attempted beyond the applicable four-year statute of limitations. Therefore, McHale argues the claim against it should be stricken. Inasmuch as the defense of the bar of the statute of limitations can be asserted only in a responsive pleading as new matter under Pa.R.C.P. 1030, and not as a preliminary objection, we shall deny McHale's preliminary objection on this basis, as well. Pa.R.C.P. 1030; see also note to Pa.R.C.P.1028(a)(4).

Accordingly, we enter the following order.

### ORDER

And now, January 27, 2011, the preliminary objections of additional defendant Arthur J. McHale Heating and Air Conditioning Company, Inc. to the amended joinder complaint filed by original defendant L.R. Costanzo Company, Inc., are hereby denied. Additional defendant Arthur J. McHale Heating and Air Conditioning Company, Inc. is hereby given twenty (20) days in which to file an answer to the amended joinder complaint.

_____
1. Paragraph 32 of Costanzo's amended joinder complaint reads as follows: "If the averments found in plaintiff's complaint are found to be true, which defendant specifically denies, then each of the additional defendants are solely liable to the plaintiff."