J-A27007-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE HOLDERS OF EQCC ASSET BACKED CERTIFICATES, SERIES 2001-1F, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARL M. POGONOVICH, | |
| Appellant | No. 444 WDA 2016 |

Appeal from the Judgment Entered April 21, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s):  No. 2011-330

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:               FILED DECEMBER 29, 2017

Appellant, Karl M. Pogonovich, appeals from the judgment entered on April 21, 2016,[1] after the trial court denied his motion for post-trial relief in the instant ejectment action.  After careful review, we affirm.

_____

[1] Appellant purports to appeal from the March 9, 2016 order denying his post-trial motion.  Ordinarily, an appeal properly lies from the entry of judgment, not from the order denying post-trial motions.  See Johnston the Florist, Inc. v. TEDCO Constr. Corp., 657 A.2d 511 (Pa. Super. 1995).  Nevertheless, a final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction.  Drum v. Shaull Equipment and Supply, Co., 787 A.2d 1050, 1052 n.1 (Pa. Super. 2001).  Here, Appellant filed a notice of appeal prematurely on April 4, 2016, prior to the entry of judgment.  However, the record reflects that judgment was entered on April 21, 2016.  In accordance with Pennsylvania Rules of Appellate Procedure, we treat Appellant's notice of appeal as if it were filed
(Footnote Continued Next Page)

This appeal arises from a complaint in ejectment filed by The Bank of New York Mellon, f/k/a/ The Bank of New York as Trustee for the Holders of EQCC Asset Backed Certificates, Series 2001-1F ("Bank") against Appellant on January 14, 2011, in which Bank sought to remove Appellant from a parcel of real property located in Smith Township, Washington County, Pennsylvania ("premises"). On March 9, 2016, after numerous attempts by Appellant to delay the proceedings, the court entered an order denying Appellant's motion for reconsideration of the judgment of possession and order to vacate the premises.[2] We need not reiterate the history of this case at length herein, as the trial court sufficiently set forth the relevant facts and procedural history in its March 24, 2017 opinion. See Trial Court Opinion, 3/24/17, at 1-6.

On March 30, 2016, Appellant filed a notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant now presents the following issues for our review:

> I. Is the trial court's finding and holding that Appellant need not be named in the underlying foreclosure action premised upon an error of law in applying Pa.R.C.P.

(Footnote Continued) ————————————

after the entry of judgment and on the date thereof. See Pa.R.A.P. 905(a)(5). Hence, the instant appeal is properly before this Court.

[2] As noted supra, a judgment was entered, accordingly, on April 21, 2016, in favor of Bank and against Appellant.

1144(a)(1) and (3) because Appellant was either a mortgagor or real owner of the foreclosed upon property?

II. Even if Appellant needed not be named in the underlying foreclosure action, did the trial court err in demanding that [Bank] properly followed the service mandates of Pa.R.C.P. 400 and 410 in the underlying foreclosure action, because:

(A) The trial court made an error of law in holding that Appellant had "constructive notice" of the foreclosure proceeding;

(B) The trial court found that [Appellant], as a person in possession of the [premises] was properly served with the mortgage foreclosure action under Pa.R.C.P. 410; and/or

(C) The trial court's findings of fact that Appellant was not a mortgagor and/or real owner of the [premises] and/or that Appellant was properly served with the foreclosure action are not supported by competent evidence of record.

Appellant's Brief at 8.

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough and well-crafted opinion of the Honorable John F. DiSalle of the Court of Common Pleas of Washington County, entered on March 24, 2017. We conclude that Judge DiSalle's extensive, well-reasoned opinion accurately disposes of the issues presented by Appellant, and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge DiSalle's opinion as our own and affirm the judgment entered in favor of Bank on that basis.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2017

Circulated 11/28/2017 01:23 PM

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY,
PENNSYLVANIA
CIVIL DIVISION

THE BANK OF NEW YORK MELLON, )
f/k/a THE BANK OF NEW YORK, AS )
TRUSTEE FOR THE HOLDERS OF )
EQCC ASSET BACKED CERTIFICATES, )
SERIES 2001-1F, )
                      )
      Plaintiff, )
                      )
     vs. )   No.   2011 - 330
                      )
KARL M. POGONOVICH, )
                      )
      Defendant. )

## OPINION

This matter comes before the Superior Court on defendant's appeal from the trial

court's order of March 9, 2016, denying defendant's motion for reconsideration of the

judgment of possession and order to vacate the premises. From this order, defendant

filed a timely appeal to the Superior Court.

## Procedural History:

This action commenced on January 14, 2011, when plaintiff, The Bank of New

York (hereinafter referred to as "Bank" or "plaintiff"), filed its Complaint in Ejectment

against defendant, Karl M. Pogonovich (hereinafter referred to as "defendant"), seeking

to remove defendant from the residence and property located in Smith Township,

Washington County, Pennsylvania (hereinafter referred to as the "premises"). The Bank

had acquired the premises by Sheriff's deed dated June 16, 2010, following the mortgage

foreclosure and judicial sale by the Washington County Sheriff on June 4, 2010.[1]

---

[1] Docket entry no. 1. See also Bank of York Mellon, f/k/a The Bank of New York, as Trustee v. Robert
Bertolotti and Jodi L. Bertolotti, Washington County, docket No. 2009-9659.

Defendant responded to the Complaint in Ejectment alleging that he had an equitable interest in the premises by virtue of an unrecorded installment land contract with the previous owners, the mortgagors who lost the property to Bank in the foreclosure proceedings.[2]

After disposition of various pretrial motions, some of which were heard by other members of the Washington County bench, the matter was scheduled for trial before the trial court on February 27, 2014. At the conclusion of the trial, the trial court granted judgment of possession in favor of plaintiff, and ordered defendant to vacate the premises no later than April 20, 2014.

Defendant then filed a motion for post-trial relief, including a motion for stay of execution on April 17, 2014. When the court denied the motion for stay, Defendant sought protection in Bankruptcy by filing a Chapter 13 petition in the United States Bankruptcy Court for the Western District of Pennsylvania, docketed at Bankruptcy Case No. 14-21584- GLT, filed April 18, 2014. After plaintiff obtained relief from the automatic stay from the Bankruptcy Court by consent order of November 5, 2014, the trial court scheduled argument on defendant's remaining post-trial motions for February 20, 2015. Defendant's bankruptcy case was subsequently dismissed for defendant's failure to make required installment payments, by order of the Bankruptcy Court dated March 24, 2015.

Thereafter, subsequent to the argument on defendant's motion for post-trial relief, defendant again sought protection in Bankruptcy by filing a Chapter 13 petition in the United States Bankruptcy Court for the Western District of Pennsylvania, docketed at Bankruptcy Case No. 15-22246- GLT, filed June 22, 2015. As before, the automatic stay

---

[2] Docket entry no. 6.

2

pursuant to defendant's bankruptcy case stayed further action on the instant ejectment action. Plaintiff then received relief from the automatic stay, as set forth in the Order of Court issued by the United States Bankruptcy Court dated September 22, 2015, by the Honorable Gregory L. Taddonio, United States Bankruptcy Judge, with respect to the instant ejectment action. After being notified of the Bankruptcy Court's order granting relief from the automatic stay, the trial court issued its order of March 9, 2016, disposing of defendant's post-trial motions and ordering defendant to vacate and quit the premises and surrender possession thereof to plaintiff. The defendant then filed a timely appeal to the Superior Court.

## Factual Findings:

At trial, defendant testified that his occupancy of the premises was pursuant to an unrecorded installment land contract, entered with the record owners in 2006, which required him to make all mortgage payments, and that he had made those mortgage payments for some time.[3] Defendant further testified that the installment land contract required all mortgages to be satisfied before title would be transferred to defendant.[4] Defendant admitted he had stopped making mortgage payments and that he was aware of the mortgage foreclosure proceedings against the property.[5] Defendant further admitted that he had been personally served with the complaint in mortgage foreclosure and that he was aware that the premises had been posted with the foreclosure proceedings.[6]

---

[3] Trial Transcript, February 27, 2014 ("TT") pp. 9-11, 24-25. See also, Exhibit A to defendant's Answer to Plaintiff's Complaint in Ejectment, docket entry no. 6.
[4] TT pp. 9-11.
[5] TT pp. 11-12.
[6] TT pp. 17, 19-20, 50.

3

Defendant further acknowledged that he was aware in April of 2010,[7] that plaintiff had obtained a judgment in foreclosure against the premises, and that his attorney had verified the judgment in foreclosure by checking the docket.[8] Defendant further admitted that he had received notice of the Sheriff's sale scheduled for June 4, 2010,[9] which was accomplished by personal service.[10] Defendant testified that on June 11, 2010, plaintiff had offered him $4000 to move from the premises, confirming that the premises had been sold by foreclosure sale.[11]

The premises was sold at Sheriff's sale on June 4, 2010, and plaintiff received a deed from the Sheriff of Washington County dated June 16, 2010.[12] Defendant admitted that, despite having been served with the foreclosure proceedings and notice of Sheriff's sale, he did nothing to contest the foreclosure proceedings or the sale, nor did he attempt to set aside the Sheriff's sale thereafter.[13]

At the conclusion of the trial, the court found in favor of plaintiff and against Defendant, and on the record, made the following findings of fact:

1) that Defendant did not have a record interest in the subject property such that he was required to be a party to the underlying mortgage foreclosure action, whereby Plaintiff took title to the subject property;

2) that Defendant was not the mortgagor, the personal representative of the mortgagor or the "real owner" of the subject property such that he was

---

[7] The foreclosure docket, Bank of New v. Robert Bertolotti and Jodi L. Bertolotti, Washington County, No. 2009-9659, reveals that on March 24, 2010, judgment by default was entered in favor of Bank and against the mortgagors in the amount of $218,331.53.

[8] TT pp. 30, 33, 34. Defendant also admitted that he had engaged four different attorneys through the course of these proceedings. TT pp. 19-20.

[9] TT p. 23.

[10] TT p. 55.

[11] TT pp. 35-36.

[12] TT p. 46.

[13] TT p. 41.

4

required to be named as a defendant in the mortgage foreclosure action pursuant to Pa.R.C.P. 1144(a);

3) that Defendant, as a person in possession of the subject property was properly served with the mortgage foreclosure action under Pa.R.C.P. 410.

4) that Defendant had actual and constructive notice of the mortgage foreclosure action;

5) that Defendant was aware that the mortgage was not being paid and that the mortgage foreclosure action was pending;

6) that the subject property was posted on two occasions by Plaintiff;

7) that Defendant had actual and constructive notice of the Sheriff's sale by which Plaintiff took title to the subject property;

8) that Defendant took no action to protect his rights with respect to the mortgage foreclosure action, if any he may have had, including seeking assistance under Act 91, 35 P.S. § 1680.401c *et seq*.

9) Defendant has no right and no color of title which would permit him to remain in the subject property.[14]

Having so found, the trial court granted judgment of possession in favor of plaintiff, and ordered defendant to vacate the premises no later than April 20, 2014.

Defendant filed a motion for post-trial relief, including a motion for stay of execution on April 17, 2014. When the court denied the motion for stay, defendant filed for protection under the Bankruptcy Code, as set forth above. After plaintiff obtained relief from the automatic stay from the Bankruptcy Court, the trial court disposed of defendant's post-trial motions by order dated March 9, 2016.

---

[14] TT p. 65.

5

This appeal followed.

## Legal Analysis:

In his Concise Statement of Matters Complained of on Appeal, defendant alleges ten (10) claims of the trial court's error, however, these allegations boil down to two issues: 1) whether the trial court erred in its factual findings that defendant had actual and constructive notice of the underlying foreclosure proceedings and the Sheriff's sale; and 2) regardless of his service and notice of the foreclosure proceedings, whether the trial court erred in holding that defendant was not required to be a named party to the original foreclosure proceedings under the rules of Civil Procedure.

As set forth above, the trial court found that defendant had been properly served with the underlying mortgage foreclosure proceedings by which the Bank became the owner of the premises. In addition to the testimony and evidence offered by the Bank, defendant admitted that he had been personally served and that he was aware that the premises had been posted with the notice of the foreclosure proceedings.[15] Defendant further admitted that, although he had been served with the foreclosure proceedings and the notice of Sheriff's sale, and although he was represented at the time, he took no action to contest the foreclosure proceedings or the sale, nor did he attempt to set aside the Sheriff's sale thereafter.[16]

It is well-settled that appellate review of a trial court's decision after a non-jury trial is limited to determining "whether the findings of the trial court are supported by the competent evidence and whether the trial court committed error in the application of

---

[15] TT pp. 17, 19-20, 50.
[16] TT p. 41.

6

law." *Kornfeld v. Atlantic Financial Federal*, 856 A.2d 170, 173 (2004), citing *Bonenberger v. Nationwide Mut. Ins. Co.*, 791 A.2d 378, 380 (Pa.Super. 2002). "It is not [the appellate court's] role to pass on the credibility of witnesses, as the trial court clearly is in the superior position to do so." *Id.* Citing *Bonenberger* at 381. In the instant case, there was no real conflict in the evidence regarding service of the mortgage foreclosure complaint and notice of the subsequent Sheriff's sale, since defendant admitted being served and having notice of the sale. Any attempt by defendant to offer conflicting testimony in this regard, the trial court did not find credible. Since the evidence and record support's the trial court's findings, those findings should not be disturbed on appeal. See *B.G. Balmer & Co., Inc. v. Frank Crystal & Company, Inc.*, ___ A.3d ___, 2016 PA Super 202 (2016).

With respect to defendant's claim that regardless of the finding that he was served with the mortgage foreclosure complaint and the notice of Sheriff's sale, he was required to be a named party to the complaint in mortgage foreclosure, the trial court did not find that the Rules of Civil Procedure supported his claim. As set forth above, the trial court found that defendant, as a person in possession of the subject property was properly served with the mortgage foreclosure action under Pa.R.C.P. 410. The court further found that, as a person in possession but not a record owner of the property, defendant was not required to be named as a party to the original mortgage foreclosure action pursuant to Pa.R.C.P. 1144(a).

> Pa.R.C.P. 410(b)(1), which provides as follows:
> If in an action involving an interest in real property the relief sought is possession or mortgage foreclosure, original process also shall be served upon any person not named as a party who is found in possession of the property. The sheriff shall note the service in the return.

7

See, *Meritor Mortg.Corp.-East v. Henderson*, 617 A.3d 1323, 1326 (Pa.Super. 1992), which held that the heir of a deceased mortgagor who was in possession of the subject property was required to be served with the mortgage foreclosure process. Unlike the defendant, the person in possession in *Meritor* was not served, and though he was the heir of a deceased mortgagor, was not named as a party. The Superior Court reinstated the appellant's collateral attack on the basis of the want of person service. That is not the circumstance here.

In the instant case, the defendant admitted and the trial court found that he had been properly served with the complaint in mortgage foreclosure, and that the subject premises had been properly posted with the complaint in mortgage foreclosure. Defendant admitted that his possession of the premises was pursuant to an unrecorded installment land contract, and further admitted that he was in default of the land contract by not making required payments. Defendant further admitted that he was aware that the mortgage payments were not being made, and that the mortgage was in default.[17] Under the circumstances, defendant does not meet the criteria to be considered a necessary party under the Rules of Civil Procedure.

Pa.R.C.P. No. 1144(a) provides that the plaintiff in a mortgage foreclosure action shall name as defendants (1) the mortgagor; (2) the personal representative, heir or devisee of a deceased mortgagor, if known; and (3) the real owner of the property, or if the real owner is unknown, the grantee in the last recorded deed. Defendant's unrecorded installment land contract, of which he was admittedly in default, did not elevate him to the status of "the real owner of the property" such that he was required to be a named party to the action. See *Commercial Banking Corp. v. Culp*, 443 A.2d 1154 (Pa.Super.

---

[17] TT pp. 11-12.

8

1982): "a person is a necessary and indispensable party only when his rights are so connected with the claims of the litigants that no decree can be made without impairing his rights." The appellant in *Commercial Banking Corp.* was a record owner of the subject property and was attempting to join a transferee of the mortgagee as an additional party. The defendant in the case before the court was a person in possession, who was admittedly in default of the contract which had initially permitted his possession, and who had been served with the mortgage foreclosure action but sat idly by and did nothing to protect any interest he may have had in the premises.

Finally, defendant claims that the trial court should have reinstated his rights in the original foreclosure action, because defendant had not been served with the requisite notices under Act 91, the Homeowner's Emergency Mortgage Assistance Act, 35 P.S. § 1680.401c et seq. As set forth above, the trial court made an express finding that defendant took no action to protect his rights with respect to the mortgage foreclosure action, if any he may have had, including seeking assistance under Act 91, 35 P.S. § 1680.401c et seq. This issue was not raised in defendant's Answer and New Matter,[18] and is therefore waived. Nevertheless, it is clear from the language of Act 91 that defendant was not entitled to the notices provided therein.

> 35 P.S. § 1680.403c. Notice requirements
> (a)Any mortgagee who desires to foreclose upon a mortgage shall send to such mortgagor at his or her last known address the notice provided in subsection (b): Provided, however, That such mortgagor shall be at least sixty (60) days contractually delinquent in his mortgage payments or be in violation of any other provision of such mortgage.
>         \*       \*       \*
> (f) Notwithstanding any other provisions of this section, a mortgagee shall not be required to send the uniform notice provided in subsection (b): (1) to any mortgagor who is more than twenty-four (24) consecutive or

---

[18] Docket entry no. 6.

9

nonconsecutive months in arrears on the residential mortgage in question, no matter what the reason therefor; or

(2) where the aggregate amount of arrearages due to a mortgagee pursuant to the terms of the mortgage, without regard to any acceleration under the mortgage including, but not limited to, the amount of principal, interest, taxes, assessments, ground rents, hazard insurance, any mortgage insurance or credit insurance premiums, exceeds the sum of sixty thousand ($60,000) dollars.

Defendant was not the mortgagor entitled to receive notice under Act 91. Moreover, the record was not developed as to how far in arrears the original mortgagors or defendant had fallen, however, it is clear from the pleadings that the arrearages due were far in excess of $60,000. The Bank had obtained judgment against the mortgagors in the amount of $218,331.53 on March 24, 2010.[19] Furthermore, the stated purchase price of defendant's installment land contract with the mortgagors was $230,000, subject to the mortgages in the amount of $210,705.06, including the mortgage ultimately assigned to the Bank in the amount of $186,512.17. Therefore, the Act 91 notice provisions were not applicable to defendant.

What became agonizingly clear from review of the entire record of this case is that defendant does not have the ability or the intention of satisfying the mortgage obligations encumbering the subject premises. As set forth above, defendant admitted being aware in 2010 that the mortgage to Bank was in default, and admitted that he had not been making payments under his installment land contract. Defendant took no action to assume the mortgage or set aside the Sheriff's sale. Rather, defendant sought protection under Chapter 13 of the Bankruptcy Code on two separate occasions, presumably to buy time to remain in the premises, but was unable to successfully complete a plan of reorganization by making required payments. The grant of the

---

[19] See note 7.

10

requested relief, requiring the reversal of the trial court's findings and the reinstatement of the original mortgage foreclosure proceedings naming defendant as a party, would buy additional time for defendant to remain in the premises rent free, but will ultimately accomplish nothing else.

WHEREFORE, the trial court respectfully submits that the judgment of possession in favor of plaintiff and against defendant should be upheld, and that the order of March 9, 2016, should be affirmed.

By the Court,

_____, J.
John F. DiSalle, J.

Dated:___3/22/17___

11